IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> WILLIAM E. KANTZ. JR., <br><br> Defendant/Counter-Plaintiff/Third-Party Plaintiff, <br><br> v. <br><br> RUBIN LUBLIN TN, PLLC and BANK OF AMERICA, N.A., <br><br> Third-Party Defendants. <br><br> FLEX YIELD INVESTMENTS, LLC, <br><br> Intervenor, <br><br> v. <br><br> FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION; and RUBIN LUBLIN TN, PLLC, <br><br> Intervenor-Defendants. | Case No. 3:15-cv-00932 <br> Judge Nixon <br> Magistrate Judge Bryant |

**RUBIN LUBLIN TN, PLLC'S RESPONSE IN OPPOSITION TO FLEX YIELD INVESTMENT'S MOTION TO ASCERTAIN PLAINTIFF'S ARTICLE III STANDING AND STATUS AS REAL PARTY IN INTEREST**

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), and files this Response in

Opposition to Flex Yield Investment, LLC's ("FYI") Motion to Ascertain Plaintiff's Article III

1

Standing and Status as Real Party in Interest (the "Motion") [Doc. 33], respectfully showing this Honorable Court as follows:

## RELEVANT FACTS AND PROCEDURAL HISTORY

FYI, *who styles itself as <u>neither</u> a plaintiff nor defendant in this action*, filed a motion on October 30, 2015, which is not related to *any* claims that it is asserting or defending against in this action. In the Motion, FYI curiously asks this Court "to ascertain Freddie Mac's Article III standing and its status as a real party in interest herein." [Doc. 33], p. 10.[1] However, Freddie Mac has not asserted a claim against FYI, FYI has not intervened as a defendant in the one claim that Freddie Mac has asserted against William Kantz, and FYI has not sued Freddie Mac in its Complaint in Intervention. Nevertheless, FYI has argued that the Federal Housing Finance Agency ("FHFA"), as the conservator of Freddie Mac, should be the real party in interest, and that Freddie Mac lacks standing to be a plaintiff. This is simply not true, and the Motion must be denied.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    FYI DOES NOT HAVE STANDING TO FILE THE MOTION**

Ironically, although the Motion argues that Freddie Mac lacks standing to be a plaintiff in this action, FYI itself lacks standing to file the Motion in the first place. It is elementary that a

---

[1] In its Motion, FYI asks this Court to take judicial notice of public documents appearing within Exhibit 1 to the Complaint, as they purportedly all contain matters of public record. These documents are not relevant to the Motion, but Rubin Lublin must point out that the exhibits are not all matters of public record, and therefore are not subject to judicial notice. The purported assignment to Flex Yield Investments, LLC [Doc. 33-1], pp. 56-64, is not recorded in the Davidson County Register's Office, and the purported assignment document within the Appendix bears no recording information whatsoever. Rubin Lublin has no basis to judge the authenticity of this document and has never seen an original version. Because "judicial notice is only appropriate if the matter is beyond reasonable controversy," *In re Omnicare Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (citations omitted), it follows that the purported Flex Yield assignment is not subject to judicial notice.

2

non-party lacks standing to file a motion in a general civil action. *See, e.g., Dail v. City of Goldsboro*, No. 5:10-CV-00451-BO, 2011 WL 2293904, at *1 (E.D.N.C. June 9, 2011); *Phipps v. Evans*, No. CIV S-07-0087 WBS EFB P, 2007 WL 2904068, at *1 n.1 (E.D. Cal. Oct. 2, 2007); *In re Western Liquid Asphalt*, 303 F. Supp. 1053, 1059 (J.P.M.L. 1969).[2] Although FYI has been granted permission to intervene in this case, it refuses to align with either the plaintiff or defendant. *See* [Doc. 38], p. 4 n.4 (admitting that FYI is not a "defending party"). Thus, it is a non-party with respect to the claims asserted by Freddie Mac, and the Motion should be denied for want of standing.

B.    **FREDDIE MAC HAS STANDING AS A PLAINTIFF**

Notwithstanding FYI's own procedural issue, its position that Freddie Mac is not the real party in interest is meritless. Although FHFA is the conservator of Freddie Mac, the enabling statute expressly allows FHFA to "perform all functions of [Freddie Mac] *in the name of* [Freddie Mac] which are consistent with the appointment as conservator or receiver." 12 U.S.C. § 4617(b)(2)(B)(iii) (emphasis added). Additionally, the statute grants FHFA broad powers to take any action "appropriate to carry on the business of [Freddie Mac] and preserve and conserve the assets of property of [Freddie Mac]." 12 U.S.C. § 4617(b)(2)(D)(ii). To that end, FHFA has delegated nearly all day-to-day operations of Freddie Mac to the Board of Directors of Freddie Mac, while only retaining limited authority to oversee certain actions, none of which involve filing eviction lawsuits related to property acquired by Freddie Mac after a foreclosure sale. *See* Freddie Mac, Annual Report (Form 10-k) at 247, *available at* http://www.freddiemac.com/investors/er/pdf/10k_021915.pdf.

Taken together, § 4617(b)(2)(B)(iii) and the delegation of authority provide all of the necessary power for Freddie Mac to file this action in its own name, without the participation of

---

[2] A copy of *Dail* is attached hereto as **Exhibit "A"** and *Phipps* as **Exhibit "B"**.

3

FHFA, and FYI has provided no authority to the contrary. Accordingly, the Motion should be denied.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court deny the Motion.

Respectfully submitted, this 16th day of November, 2015.

**HALL BOOTH SMITH, P.C.**

By:  /s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219
(615) 313-9911 (telephone)
(615) 313-8008 (facsimile)

*Attorney for Rubin Lublin TN, PLLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that I have this 16th day of November, 2015, served all parties in this matter with the foregoing by CM/ECF, and by U.S. Mail, first class postage prepaid, to the following:

James D.R. Roberts, Jr.
Roberts & Associates
1700 Haynes Street, Suite 201
P.O. Box 331606
Nashville, TN 37203

Randall S. Bueter
Wilson & Associates, PLLC
1521 Merrill Drive, Suite D-220
Little Rock, AR 72211

Gerald D. Morgan
Wilson & Associates, PLLC
8 Cadillac Drive, Suite 120
Brentwood, TN 37027

Scott D. Johannessen
Law Offices of Scott D. Johannessen
424 Church Street, Suite 2000
Nashville, TN 37219

Rick Humbracht
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203

              **HALL BOOTH SMITH, P.C.**

              /s/ H. Buckley Cole
              H. Buckley Cole (BPR # 11811)