# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION


| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE § CORPORATION, §<br>　　Plaintiff, | § Case No. 3:15-cv-00932 |
| | § |
| v. | §　Judge Campbell |
| | § Magistrate Judge: Bryant |
| WILLIAM E. KANTZ, JR.,<br>Defendant. | § |
| | § |
| | § |
| | § |
| WILLIAM E. KANTZ, JR.,<br>　　Third-Party Plaintiff, | § |
| | § |
| | § |
| 　v. | § |
| § BANK OF AMERICA, N.A.,<br>RUBIN LUBLIN TN, PLLC,<br>　　Third-Party Defendants. | § |
| | § |
| | § |
| | § |
| | § |
| FLEX YIELD INVESTMENTS, LLC,<br>　　Intervenor, | § |
| v. | § |
| | § |
| FEDERAL HOUSING FINANCING<br>AGENCY, on its own behalf and as<br>conservator of FEDERAL HOME LOAN<br>MORTGAGE CORPORATION,<br>　　Intervenor-Defendant and<br>　　Real Party in Interest, | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| | § |
| and | § |
| | § |
| RUBIN LUBLIN TN, PLLC.<br>Intervenor-Defendant. | § |
| | § |


**MEMORANDUM IN SUPPORT OF MR. KANTZ'S
RESPONSE TO FREDDIE MAC AND BANK OF AMERICA'S
MOTION TO STRIKE DEFENDANT'S THIRD PARTY COMPLAINT, OR IN THE
ALTERNATIVE, MOTION TO DISMISS**

1

Come now William Kantz, by and through counsel, and hereby responds to Freddie Mac and Bank of America's ("BANA") Motion to Strike his Third Party Complaint, or in the Alternative to Dismiss. (Doc. 34). Mr. Kantz would assert the motion should be denied, or in the alternative, the claims against Bank of America severed pursuant to Fed. R. Civ. P. 42.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Mr. Kantz would state his Third-Party Complaint against the Movants is a "good faith" attempt to expose their fraudulent conduct related to the faking of February foreclosure sale and dishonest conduct in covering up the same. The movants are correct that *some* of theses issues were addressed in were dismissed as moot in *Kantz v Rubin Lublin TN, PLLC et al*. (No. 3:14-1113, 2015 WL 154531 (M.D. Tenn. April 6, 2015) (" *Kantz I")*. The movants are further correct that *some* of the claims asserted in Mr. Kantz's proposed Third Amended Complaint are similar to those asserted in this case. Mr. Kantz disagrees these claims are barred by *res judicata*.

In addition, the claims asserted in the Third-Party Complaint do in fact bear a close relation to the claim asserted by Freddie Mac in the underlying detainer warrant. Freddie Mac is attempting to take tangible property (his home) from Mr. Kantz. As Freddie Mac's chain of title is inherently suspect due to the irreconcilable conflicts in the BANA's (through its agent, Rubin Lublin) recorded Substitute Trustee's' Deeds, BANA may be required to indemnify Mr. Kantz, or have its interest held in a constructive trust for Mr. Kantz's benefit.

There is no dispute BANA faked the February 20, 2014 foreclosure sale. (Doc. 9, see also www.FakedForeclosureSales.com for surveillance video screen shots)[1]. Rubin Lublin committed an intentional fraud on Mr. Kantz and the public when if knowingly recorded a Substitute Trustee's Deed falsely claiming the sale was cried. (*Id*.). Surveillance video and eye

---

[1] The Defendants' motion states "according to Kant, he appeared but nobody else appeared on behalf of Rubin Lublin to conduct the sale." (Doc. 35, p. 2). Actually, three eye witnesses and a half dozen security cameras show that nobody appeared.

witnesses confirm the sale was never cried, yet with full knowledge of this fact, BANA (through its agent Rubin Lublin TN, PLLC) went ahead and recorded its "sale deed."

The movants are correct the *Kantz I* Court allowed them to re-notice the sale to correct the problems associated with the faked February sale. Based on the conducting of a second foreclosure sale in August 2014, the *Kantz I* Court held the errors as "cured." (*Kantz I*, See 2015 WL 1543531). This order is currently on appeal. (*Kantz I,* Doc. 89*).*

Mr. Kantz did seek permission in *Kantz I* to file a Third Amended Complaint to address all of the fraudulent conduct surrounding the August 26, 2014 sale. (*Kantz I,* Doc 61*).* Movant is correct that the Court held the conducting of the August sale rendered the February sale's errors moot. (*Id*.). Accordingly, Mr. Kantz asserts the Court's April 6, 2015 ruling was not an adjudication on the merits. (*Id*).

The movants put great weight on the Kantz I court's "minute entry" which they assert was the Court giving them permission to conduct a second fraudulent sale. (Mr. Kantz was unable to "arrange" to repurchase the property because Freddie Mac demanded significantly more than it paid for the property. Mr. Kantz was prepared purchase the property in February for the sale price, but by mid-summer was simply no longer in a position to do so).

The Third–Party Complaints set forth seven causes of action, each one challenging the validity of the Defendants' actions concerning the August 26, 2014 foreclosure sale and the misrepresentations and fraudulent conduct surrounding the same. These claims are not barred under the doctrine of *res adjucata*, or any other theory

## ARGUMENT

This Third-party Complaint is properly before this Court and is not barred under the doctrine of *res adjucata* or any other theory.

## A. ISSUE PRECLUSION (COLLATERAL ESTOPPEL)

The movants have correctly identified the four (4) elements to establish that issue preclusion applies. "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir.2009) (citing *N.A.A.C.P. v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir.1987)).

Mr. Kantz would respectfully submit that these four (4) elements have not been met.

### 1. Declaratory Judgment:

The Movants claim that in Kantz I, Mr. Kantz sought a declaratory judgment, inter alia, that "Bank of America, and its agents [Rubin Lublin] … acted as Substitute Trustee, failed to properly conduct the August 26, 2014 sale…" (Doc. 35, p. 6). This is not entirely correct. Mr. Kantz filed a Second Amended Complaint on May 30, 2014 which did not include any claims against Bank of America. (*Kantz I*, Doc 23). In fact, Bank of America was not even a party.

Five months later, on October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to add Bank of America as a party and assert claims against it due to its participation in the August 2014 foreclosure sale. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

**2. Fraud in the Foreclosure of August 26, 2014**

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the fraud surrounding the August 2014 foreclosure sale. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.3

### 3. Breach of Contract

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the defendants' breaches of the Note and Deed of Trust by their actions related to the August 2014 foreclosure sale. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

### 4. Tennessee Consumer Protection Act

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the defendants' violation of the TCPA by their blatant deceptions regarding their authority to conduct the August 26, 2014 foreclosure sale. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

### 5. Fair Debt Collection Protection Act

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the defendants' violation of the FDCPA by their improper debt collection activities. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

### 6. RESPA AND TILA

Case 3:15-cv-00932   Document 67   Filed 11/26/15   Page 5 of 9 PageID #: 1252

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the defendants' violation of the Real Estate Settlement Procedures Act ad Truth and Lending Act their improper debt collection activities, the fraudulent August foreclosure sale, and refusal to properly respond to Qualified Written Requests and other debtor related inquiries. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

## 7. Fair Debt Collection Protection Act

On October 26, 2014, Mr. Kantz sought leave to file a Third Amended Complaint which attempted to address the defendants' conspiracy to commit the above-referenced transgressions. The Court never permitted Mr. Kantz to file the Third Amended Complaint. Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply.

## 8. APPLICATION OF ISSUE PRECLUSION

Mr. Kantz disagrees the issues contained in his May 30, 2014 Second Amended Complaint are the same as those asserted in this case. Obviously, the events of the 2014 summer and August 26, 2014 foreclosure sale occurred *after* the May 30, 2014 Second Amended Complaint was accepted.

Mr. Kantz disagrees that the "prior proceeding resulted in a final judgment on the merits from this Court." (Doc 35, p. 10). Mr. Kantz asserts the appealed order did not resolve these issues. The movants assume, but do not prove, that there is issue preclusion.

Mr. Kantz was not given a full opportunity to litigate the issues in the prior proceeding. Bank of America was never even a party to the party, nor were the claims against it "fully litigated" – they were never litigated at all.

## B. Claims Preclusion

Mr. Kantz agrees that to establish that a claim should be foreclosed under the doctrine of claims preclusion, there must be "(1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action. *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir.1999) (citing *Kane v. Magna Mixer Co*., 71 F.3d 555, 560 (6th Cir.1995)). As shown above, each of the elements is established. Accordingly, claims preclusion applies to bar the claims asserted by Kantz in this case.

The Third-Party complaint is certain similar to the proposed Third Amended Complaint proposed but not accepted in *Kantz I,* but disagrees the complaint is identical. The *Kantz I* court did not engage in an adjudication on the merits of the proposed complaint. Instead, it held the second August 2014 foreclosure sale cured the all of the errors in both sales. Repeatedly the *Kantz I* Court states words similar to "Because the August foreclosure sale cured any alleged defects from the February sale, … the court concludes that Plaintiff's fraud claim should be dismissed as moot." (*Kantz I*, Doc. 86, p. 37).

Mr. Kantz would assert the four (4) elements are not met. He disputes Rubin Lublin's assertion the *Kantz I* Court determined his Third Amended Complaint was dismissed as "futile." Mr. Kantz does not generally disagree with Rubin Lublin's assertion of law, but he does strongly dispute its factual determinations.

Mr. Kantz does not dispute that he and Freddie Mac were parties in *Kantz I*. However, it is undisputed that Bank of America was never a party in *Kantz I*.

Mr. Kantz also disputes BANA is in privy with Freddie Mac. The Movants state "[w]hile BANA was not a party in the former action, claim preclusion would apply because BANA is in privy with Freddie Mac and Rubin Lublin for res judicata purposes." (Doc. 35, p. 13). This is a

**fact** outside the pleadings being asserted as if it were contained in Mr. Kantz's complaint. The consideration of a <u>fact</u> outside the pleadings which turns a Rule 12 motion to dismiss to a motion under Rule 56. The Movants claim "BANA has identical interests with Freddie Mac." This is another "fact" gleamed from outside the pleadings. A review of the pleadings actually shows that BANA should be adverse to Freddie Mac and vice-versa. BANA conducted a faked foreclosure sale in February 2014, and afterwards it fraudulently transferred the property to Freddie Mac. In August, BANA, without any legal authority, transferred property it did not own to Freddie Mac. BANA and Freddie Mac's "privy of interest" can only stem from their joint participation in the illegal activities.

Mr. Kantz does not disagree with much of the movants' cited law, but he strongly disagrees that the Court can come to the same factual conclusions without looking outside the pleadings.

Mr. Kantz disagrees with Rubin Lublin's conclusion that the "identity" of causes of action element was met. The accepted claims in *Kantz I* all related to the February 20, 2014 faked foreclosure sale. At the time the Court rendered its opinion, only the Second Amended Complaint which had been accepted on May 30, 2014 was pending. (*Kantz I*, Doc 23). This was three (3) months before the August 2014 second foreclosure sale, and therefore, none of the later issues were addressed.

### Conclusion

Mr. Kantz asserts that his Third-party Complaint should be permitted to go forward against Bank of America and Freddie Mac, or in the alternative, severed to be prosecuted separately.

Respectfully submitted:

8

___/s/_____ James D. R. Roberts, Jr._____
Roberts & Associates
James D. R. Roberts, Jr., #017537
1700 Hayes Street, Suite 201
Nashville, Tennessee 37203
(615) 242-2002 office
(615) 242-2042 facsimile
Attorneys for the Plaintiffs
Jim.Roberts@RobertsandAssociatesLaw.com


## Certificate of Service

I hereby certify that I have this 25th day of November, 2015, served all parties in this matter with the foregoing by CM/ECF, and by sending a copy of the same via Unites States Mail, first class, postage prepaid, to the following on November 27, 2015:

H. Buckley Cole
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219

Randall S. Bueter
Wilson & Associates, PLLC
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211

Gerald D. Morgan
Wilson & Associates, PLLC
8 Cadillac Drive
Suite 120
Brentwood, Tennessee 37027

Scott D. Johannessen
Law Offices of Scott D. Johannessen
424 Church Street, Suite 2000
Nashville, Tennessee 37219

Rick Humbracht
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203


___/s/_____ James D. R. Roberts, Jr._____

9