UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| WILLIAM KANTZ, | )<br>) |
| Defendants. | ) |
| WILLIAM KANTZ, | )<br>) |
| Third-Party Plaintiff, | ) |
| v. | )<br>)<br>) No. 3:15-cv-00932 |
| BANK OF AMERICA, N.A., RUBIN LUBLIN TN, PLLC, | )<br>) Judge Nixon/Bryant<br>) |
| Third-Party Defendants. | ) |
| FLEX YIELD INVESTMENTS, LLC, | )<br>) |
| Intervenor, | ) |
| v. | )<br>) |
| FEDERAL HOUSING FINANCE AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION, | )<br>)<br>)<br>) |
| Intervenor-Defendant and Real Party in Interest | )<br>) |
| and | )<br>) |
| RUBIN LUBLIN TN, PLLC, | )<br>) |
| Intervenor-Defendant. | )<br>) |

## REPLY OF FEDERAL HOME LOAN MORTGAGE CORPORATION and BANK OF AMERICA TO KANTZ's RESPONSE TO MOTION TO DISMISS

Kantz has filed a response to the motion to dismiss the counterclaim and third party complaint that not only does not address the issues raised or demonstrate why the counterclaim and third party complaint should not be dismissed—it states affirmatively that claims preclusion applies to bar Kantz's claims asserted in this case. Kantz's response states specifically: "As shown above each of the elements [of claims preclusion] is established. Accordingly, claims preclusion applies to bar the claims asserted by Kantz in this case." (Doc. 67, p. 7).

While that concession should be dispositive as to the counterclaim, Kantz "asserts that his Third Party Complaint should be permitted to go forward against Bank of America and Freddie Mac,[1] or in the alternative, severed to be prosecuted separately."

Throughout the response, Kantz appears to address only the third party complaint, not the counterclaim. For example on page 3 of the brief, he states: "This Third-party Complaint is properly before this Court and is not barred under the doctrine of res adjudicata or any other theory." Doc 67, p.3.

Throughout his brief, Kantz states that he generally agrees with the authority cited by movants, but states: "Mr. Kantz would submit his Third Amended Complaint was never allowed and therefore issue preclusion does not apply."

Kantz's argument acknowledges, or least he fails to distinguish, the authority cited that a final trial court order constitutes res judicata (both claims preclusion and issue preclusion). *See Commodities Expert Co. v. U.S. Customs Service*, 957 F.2d 223, 228 (6th Cir. 1992) ("[I]t is well

---

[1] Presumably, this refers to the counterclaim. However, having conceded that claims preclusion applies, the counterclaim must be dismissed.

2

Case 3:15-cv-00932  Document 76  Filed 12/28/15  Page 2 of 8 PageID #: 1326

established that a final trial court judgment operates as res judicata while an appeal is pending." (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188-89)). *See also*, the other authority cited at pages 10 and 11 of the principal brief filed by Freddie Mac and BANA.

Further, while Kantz dances around the Court's determination in *Kantz I* that the motion to amend was denied as futile, he cites no authority in opposition to the proposition that a denial of a motion to amend on futility grounds satisfies the requirement that he was provided a full and fair opportunity to litigate the issues raised in the proposed amended complaint. *See Qualicare-Walsh, Inc., v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991). The denial of the motion to amend on futility grounds and the granting of summary judgment on the existing claims are final orders.

Other authority supports the proposition that a denial of a motion to amend in one suit can be the basis of preclusion in a second suit. *See Witthohm v. Federal Ins. Co.*, 164 Fed.Appx. 395, 397-98 (4th Cir. 2006) ("The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. *Professional Mgmt. Assocs. v. KPMG*, 345 F.3d 1030, 1032 (8th Cir.2003). Thus, denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading. *Id*. This is so even when denial of leave to amend was legally or factually erroneous.").

In *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2nd Cir. 2000) the court noted a plaintiff is not required to amend the complaint to assert claims that arise subsequent to the filing of the suit, and, therefore, res judicata does not apply to preclude a second suit between the same parties arising from the subsequent claims. However, the court addressed the situation where a plaintiff attempted to raise subsequently arising claims. Where the plaintiff does seek to amend to assert

3

7/3755076.1
Case 3:15-cv-00932 Document 76 Filed 12/28/15 Page 3 of 8 PageID #: 1327

subsequently arising claims, res judicata applies where the court in the first suit denies the motion to amend on the merits. The court held:

> Further, denial of a motion to amend will not inevitably preclude subsequent litigation of those claims set out in a proposed new complaint. (citation omitted). Only denial of leave to amend on the merits precludes subsequent litigation of the claims in the proposed amended complaint.

*Id*. at 139. *See Carter v. City of New York*, 2012 W 1034914, at *3 (S.D. NY 2012) ("A denial of leave to amend on grounds of futility, based on an evaluation that the new allegations could not survive a motion to dismiss, is a judgment on the merits.")

In *Professional Management Associates, Inc., v. KPMG LLP*, 345 F.3d 1030, 1032-33 (8th Cir. 2003) the court held that the denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. In *KPMG LLP*, the motion to amend the complaint was denied on procedural grounds but was still held to constitute res judicata. There the court held:

> The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. *Landscape Props*., 127 F.3d at 683. "[D]enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222–23 (8th Cir.1992). This is so even when denial of leave to amend is based on reasons other than the merits, such as timeliness. *Northern Assurance Co. v. Square D Co*., 201 F.3d 84, 88 (2d Cir.2000); *Poe v. John Deere Co.*, 695 F.2d 1103, 1107 (8th Cir.1982). Thus, the fact that the district court denied leave to amend because of PMA's noncompliance with procedural rules is irrelevant. The denial is a judgment on the merits of the claims in the proposed amended pleading. Thus, the denial of leave to amend in PMA I bars the filing of the same pleading in this lawsuit.

In *McKenna v. City of Philadelphia*, 304 Fed.Appx. 89 (3rd Cir. 2008) the Third Circuit cited *KPMG* for the proposition that "For res judicata purposes, 'denial of a motion to amend a

4

7/3755076.1

Case 3:15-cv-00932   Document 76   Filed 12/28/15   Page 4 of 8 PageID #: 1328

complaint in one action is a final judgment on the merits barring the same complaint in a later action.'" *See also, Hrabe v. Paul Revere Life Ins. Co.*, 76 F.Supp. 2d 1297, 1301 (M.D. Ala. 1999).

It is respectfully submitted that the denial of the motion to amend because the Court determined that to allow the amendment was futile satisfies the res judicata requirement of "raised or could have been raised in the prior litigation." Accordingly, the third party complaint filed against BANA is barred by claims and issue preclusion. The denial of the motion to amend on futility grounds is a final judgment on the merits and bars the attempted assertion of those same claims in this subsequent action.

Kantz also argues that the issue of privity is one of fact, not a legal determination. He cites no authority for that proposition. Here, it is undisputed that BANA, as servicer of the loan and holder of the note, is in privity with Freddie Mac, the owner of the loan. There is a mutuality of interest between the loan servicer and the owner of the loan. *See Malone v. MERS*, 2014 WL 1350503 at * 2 (M.D. Tenn. April 3, 2014) ("To determine privity, the court examines whether the parties share an identity of interests. *ABS Industries. Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 F. Appx. 994, 999 (6th Cir.2009). ('We find that a mutuality of interest, including an identity of desired results, creates privity between [parties for res judicata purposes].'"). *See also, Dillard v. Bank of America, N.A.*, 2013 WL 4590541, at *7 (W.D. Tenn. Aug. 28, 2013). Further, there is privity between BANA and Freddie Mac because BANA assigned its interest in the property to Freddie Mac. *Federal Nat. Mortg. Ass'n v. Simmons*, 2014 WL 4724908, at * 6 (Tenn.Ct.App. 2014) ("Fannie Mae is in privity with BAC Home Loans Servicing, L.P., which entity the Simmonses named as a defendant in both of their earlier

5

7/3755076.1
Case 3:15-cv-00932  Document 76  Filed 12/28/15  Page 5 of 8 PageID #: 1329

lawsuits, because BAC Home Loans Servicing, L.P. assigned its interests in the property formerly owned by the Simmonses to Fannie Mae in March 2011.")

Accordingly, as a matter of law, there is privity based on the undisputed relationship of the parties and the fact that there is a substantial identity of interest between the servicer and holder of the note and the owner of the loan. Accordingly, BANA is in privity with Freddie Mac in this case.

Kantz does not address the requirements of Rule 14 and whether that rule allows it to file the claims asserted against BANA in a third party complaint. Here, the allegations are not that BANA is or could be liable for all or part of the relief asserted against Kantz by Freddie Mac, but rather the allegations attempt to assert separate and distinct claims against a non-party to the original action. Therefore, Rule 14 simply does not apply and the third party complaint must be dismissed.

Accordingly, the counterclaim against Freddie Mac and the purported third party complaint against BANA should be dismissed. Likewise, any defenses to the detainer action are barred by res judicata, issue and claims preclusion; and, therefore, Freddie Mac is entitled to immediate possession of the property.

Respectfully submitted,

*/s/H. Frederick Humbracht*
H. Frederick Humbracht (No. 2993)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2371
Facsimile: (615) 252-6371
rhumbracht@babc.com

*Attorney for Federal Home Loan Mortgage Corporation and Bank of America, N.A.,* and

6

7/3755076.1

Case 3:15-cv-00932   Document 76   Filed 12/28/15   Page 6 of 8 PageID #: 1330

Gerald D. Morgan
Wilson & Associates, PLLC
8 Cadillac Drive
Suite 120
Brentwood, TN 37027
Email: jmorgan@wilson-assoc.com

Randall S. Bueter
Wilson & Associates, PLLC
1521 Merrill Drive
Suite D-220
Little Rock, AR 72211
Email: rbueter@wilson-assoc.com

*Attorneys for Federal Home Loan Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief is being forwarded via the Court's Electronic Filing System to:

7

7/3755076.1
Case 3:15-cv-00932   Document 76   Filed 12/28/15   Page 7 of 8 PageID #: 1331

Jim Roberts
Roberts & Associates
1700 Hayes Street, Suite #201
P.O. Box 331606
Nashville, TN 37203
(615) 242-2002
Facsimile: (615) 242-2042
Email: Jim.Roberts@RobertsAndAssociatesLaw.com

H. Buckley Cole
Hall Booth Smith, P.C.
Fifth Third Building
424 Church Street
Suite 2950
Nashville, TN 37203
Email: bcole@hallboothsmith.com

Scott D. Johannessen
Law Offices of Scott D. Johannessen
Fifth Third Center
424 Church Street
Suite 2000
Nashville, TN 37219
Email: scott@sdjnet.com

on this the 28 day of December, 2015.

*/s/H. Frederick Humbracht, Jr.*
H. Frederick Humbracht, Jr.