UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | § § § | |
| | § | Case No. 3:15-cv-00932 |
| Plaintiff, | § | |
| v. | § | Judge Nixon |
| | § | Magistrate Judge Bryant |
| WILLIAM E. KANTZ, JR., | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |
| | § | |
| WILLIAM E. KANTZ, JR., | § | |
| | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA, N.A., RUBIN LUBLIN TN, PLLC, | § § | |
| | § | |
| Third-Party Defendants. | § | |
| _____ | § | |
| | § | |
| FLEX YIELD INVESTMENTS, LLC, | § | |
| | § | |
| Intervenor, | § | |
| v. | § | |
| | § | |
| FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION, | § § § § | |
| | § | |
| Intervenor-Defendant and Real Party in Interest, | § § | |
| | § | |
| and | § | |
| | § | |
| RUBIN LUBLIN TN, PLLC. | § | |
| | § | |
| Intervenor-Defendant. | § | |
| _____ | § | |

### FYI'S MOTION TO SEVER

Intervenor Flex Yield Investments, LLC ("FYI"), by and through its undersigned counsel, pursuant to Rules 21 and 42(b) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to order a separate trial of and have tried first the following issue:

> **Whether Rubin Lublin TN, PLLC ("Rubin Lublin") conducted and cried the February 20, 2014, foreclosure sale[1] as represented by Rubin Lublin in its recorded March 6, 2014, substitute trustee's deed.[2]**

The Federal Rules of Civil Procedure govern civil proceedings in the United States district courts. Their purpose is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 21 provides that a court may "sever any claim against a party." Rule 42(b) provides that a court may order separate trials of one or more separate issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy..." Only one of these criteria need be met to justify separation. *Saxion v. Titan-C Manu.*, 86 F.3d 553, 556 (6th Cir. 1996).

The decision to order separate trials lies within the sound discretion of the court. *Id.* The Sixth Circuit instructed that "[i]n determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan,* 477 F.3d 326, 339 (6th Cir. 2007) (citing *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997)).

In this case Rubin Lublin has made much ado about a prior case to which FYI was not a party. In this case FYI is a third party secured creditor seeking damages for, among other things, Rubin Lublin's fraud with respect to the February 20, 2014, foreclosure sale and the March 6, 2014, substitute trustee's deed conveying the property. In this case Freddie Mac's right to take possession of the property requires a sound, fundamental, and legal basis for doing so, neither of which Freddie Mac has and neither of which Freddie Mac alleges in its complaint. There is no doubt that "[w]here title bears directly upon the right of

---

[1] See Amended Complaint in Intervention, DE 45, at ¶ 26, Exhibit 5.

[2] *Id.* at ¶¶ 30-35, Exhibit 6.

possession . . . a party may legitimately interpose the issue." *Federal Nat'l Mortgage Ass'n v. Robilio*, No. W2007-01758-COA-R3-CV, 2008 WL 2502114 at *5 (Tenn. Ct. App. June 24, 2008) (wherein Fannie Mae, Freddie Mac's sister organization, claimed that it had acquired the property at a foreclosure sale and held record title).

It is Freddie Mac's – the putative purchaser of the subject property at the February 20, 2014, foreclosure sale – "constructive entry" onto the property's premises through the title "obtained" in a foreclosure that never happened that supposedly provides the basis for maintaining its detainer action. See *CitiFinancial Mortg. Co., Inc. v. Beasley,* No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *6 (Tenn. Ct. App. Jan. 11, 2007). What is more, Freddie Mac is not the proper plaintiff herein and does not have a legitimate claim to possess the subject Property that Rubin Lublin wrongfully foreclosed upon and interests in which Rubin Lublin thereafter illegitimately conveyed to Freddie Mac; a process in which Rubin Lublin not only participated but also appears to have taken the leading role.[3]

If all parties in this case and their respective counsel are truly seeking to secure its "just, speedy, and inexpensive determination" there can be no legitimate reason to oppose to FYI's Motion to Sever. Trying the issue designated above before all others will take less time, paperwork, and money than what has been expended thus far by the parties responding to Rubin Lublin's attempts to obfuscate the issues and delay the timely progression of FYI's case.

FYI respectfully submits that the issue identified hereinabove should be tried first separately, as it may very well be a defining issue of consequence to many of the more global claims asserted by the various parties hereto. The potential prejudice to any party would be minimal, the opportunity for jury confusion would be curtailed, and the convenience and economy resulting from separating out the pivotal issue for independent determination are obvious.

WHEREFORE, FYI respectfully requests that its Motion be **GRANTED**.

---

[3] See, e.g., Motion to Ascertain Plaintiff's Article III Standing And Status As Real Party In Interest (DE 33). Notably, Freddie Mac did not respond to this particular motion filed by FYI.

Respectfully submitted,

By: *s/ Scott D. Johannessen*

Scott D. Johannessen, BPR # 26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
424 Church Street, Suite 2000
Nashville, TN 37219
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com
Web: www.sdjnet.com

*Attorney for Intervenor,
Flex Yield Investments, LLC*

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.01, the undersigned hereby certifies that a true and correct copy of the foregoing document, entitled, *FYI's Motion to Sever*, was delivered to the following persons/entities appearing of record herein via electronic mail through the Court's ECF system and, if not appearing of record herein, via regular United States first class mail, postage prepaid:

| H. Buckley Cole<br>Fifth Third Center<br>424 Church Street, Suite 2950<br>Nashville, TN 37219<br><br>Randall S. Bueter<br>Wilson & Associates, PLLC<br>1521 Merrill Drive, Suite D-220<br>Little Rock, AR 72211 | James D.R. Roberts , Jr.<br>Roberts & Associates<br>1700 Hayes Street, Suite 303<br>Nashville, TN 37203<br><br>Rick Humbracht<br>Bradley Arant Boult Cummings, LLP<br>600 Division Street, Suite 700<br>Nashville, TN 37203 | Gerald D. Morgan<br>Wilson & Associates, PLLC<br>8 Cadillac Drive, Suite 120<br>Brentwood, TN 37027 |

Executed on Jan 5, 16, 2:54 PM.    By:    *s/ Scott D. Johannessen*

Scott D. Johannessen