IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>WILLIAM E. KANTZ. JR.,<br><br>    Defendant/Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN TN, PLLC and<br>BANK OF AMERICA, N.A.,<br><br>    Third-Party Defendants.<br><br>FLEX YIELD INVESTMENTS, LLC,<br><br>    Intervenor,<br><br>v.<br><br>FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION; and RUBIN LUBLIN TN, PLLC,<br><br>    Intervenor-Defendants. | Case No. 3:15-cv-00932<br>Judge Nixon<br>Magistrate Judge Bryant |

**RUBIN LUBLIN TN, PLLC'S REPLY TO FYI'S RESPONSE TO ITS MOTION TO DISMISS THE AMENDED COMPLAINT IN INTERVENTION**

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), and files this Reply to Flex Yield Investment, LLC's ("FYI") Response [Doc. 75] to Rubin Lublin's Motion to Dismiss

1

FYI's Amended Complaint in Intervention [Doc. 63], respectfully showing this Honorable Court as follows:

## RELEVANT FACTS AND PROCEDURAL HISTORY

FYI – a purported former junior lienholder who curiously intervened into a dispossessory action related to a property that it does not purport to possess – continues to raise dubious, and previously-rejected, arguments concerning the propriety of a foreclosure sale that was held to be entirely proper by this Court in *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531 (M.D. Tenn. April 6, 2015) (Haynes, J.) ("*Kantz* I").[1] In short, FYI is claiming – like William E. Kantz did in *Kantz* I – that the August 2014 foreclosure sale was invalid because the deed evidencing the February 2014 sale was valid. Confusingly, FYI – like Kantz – claims that February 2014 sale was void. *See* [Doc. 75], p. 4. This argument has no legal basis, and FYI does not cite to any authority for this illogical proposition. Not surprisingly, Judge Haynes found that similar "allegations are factually implausible because if the initial foreclosure sale did not occur then the rights of the parties to the note and deed of trust were not affected by the void sale. If the sale did occur, the rights of the parties were established at that date." *Kantz*, 2015 WL 1543531, at *12.

On November 12, 2015, FYI filed its Amended Complaint in Intervention (the "Amended Complaint"). [Doc. 45]. As noted in Rubin Lublin's Memorandum of Law in Support of its Motion to Dismiss, the "three count Amended Complaint is an incoherent, rambling, 30 page, 146 paragraph document, replete with diatribes against banks and foreclosure attorneys, multiple paragraphs that are simply briefs on different legal principals or legislative history, and statements that force the reader to piece together multiple paragraphs to determine the exact allegation being made." As such, Rubin Lublin moved, on November 24, 2015, to strike, or in

---

[1] A copy of *Kantz* I has been filed at [Doc. 63-2].

the alternative, to dismiss the Amended Complaint. [Doc. 63]. The Motion to Dismiss seeks to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) and for failure to provide a short and plain statement under Rule 8(a). The Motion additionally asks this Court to strike the Amended Complaint, as it should be construed as an impermissible third-party complaint.

FYI filed its response on December 22, 2015 (the "Response"). [Doc. 75]. Staying true to form, the Response begins with a four and a half page dissertation, largely consisting of ad hominem attacks against Rubin Lublin. This portion of the Response even goes so far as to wrongfully attribute a block quote to Rubin Lublin's Motion to Dismiss, complete with a bizarre and irrelevant footnote discussing a line from *The Wizard of Oz*. *See id.* at p. 5. In reality, this quote never appeared in any of Rubin Lublin's filings, and is instead FYI's attempt to cast Rubin Lublin's arguments in a negative light.

Once FYI actually begins its response to the arguments raised in the Motion to Dismiss, it notably ignores many of Rubin Lublin's key arguments, such as failing to plead fraud with particularity, the fact that artificial entities cannot recover statutory damages under the FDCPA, and that the Amended Complaint fails to comply with Rule 8(a). The few arguments that were set forth, however, are without merit, and the Motion to Dismiss should be granted.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

A. **FYI HAS ABANDONED ITS FRAUD CLAIMS AND CONCEDED THAT ITS AMENDED COMPLAINT IS NOT A SHORT AND PLAIN STATEMENT**

The Amended Complaint, although it contains three counts, appears to contain no less than *eight* causes of action in Count One. See [Doc 45], ¶¶ 107, 110, 112. "[F]raud, constructive fraud, concealment, promissory fraud, intentional misrepresentations, and negligent misrepresentations," plus alleged violations of Tenn. Code Ann. §§ 35-5-101 *et seq.* and a

3

passing mention of conversion are all found within Count One. *Id. See* [Doc. 45], ¶¶ 110, 112. Rubin Lublin argued why each claim, individually, should be dismissed. *See* [Doc 63-1], pp. 6-15. However, in its Response, FYI only responds to Rubin Lublin's arguments concerning the purported conversion claim. *See* [Doc. 75], p. 29.

Additionally, Rubin Lublin moved to dismiss the Amended Complaint because it fails to provide a short and plain statement, as required by Fed. R. Civ. P. 8(a). *See* [Doc. 63-1], pp. 22-25. FYI has similarly failed to respond, or even mention, this argument in its Response.

When a party fails to respond to arguments regarding individual claims in a motion to dismiss, the Sixth Circuit has found that those claims are deemed abandoned. *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (citing *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007); *Meredith v. Allen Cty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n.2 (6th Cir. 1968); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010)); *see also* LR 7.01(b) ("Failure to timely respond shall indicate that there is no opposition to the motion."). Therefore, this Court should find that FYI has abandoned all purported claims contained within Count One with the exception of conversion, and that it does not oppose the dismissal of its Amended Complaint for failure to provide a short and plain statement as required by Rule 8(a).

B. **THE AUGUST FORECLOSURE SALE MOOTED ANY ISSUES WITH THE FEBRUARY SALE**

According to the Response, the apparent overarching theme of FYI's claims is that the August foreclosure sale did not, in fact, cure any issues with the February sale, and FYI argues, without citation to authority, that this Court's decision in *Kantz* I is "inaccurate and contrary to well-established real estate law principles." [Doc. 74], p. 4. Confusingly, FYI claims that the "transfers and conveyances" from the February sale – which it contends was absolutely void –

4

"first needed to be 'undone' and 'put back' to where they originated." *Id*. However, Tennessee law does not support this assertion, which is the only argument in the Response that the August sale was somehow flawed.

Specifically, the finding from *Kantz* I that FYI takes issue with is that "if the initial foreclosure sale did not occur then the rights of the parties to the note and deed of trust were not affected by the void sale." *Id.* FYI believes that this "fail[s] to recognize the legal effect of . . . the recordation of Trustee's Deed #1." *Id.* Not surprisingly, FYI fails to cite to any authority for this proposition, as none exists. If the February sale was conducted in contravention of the terms of the deed of trust, title does not pass via the substitute trustee's deed and the deed is null, void, and of no effect. *See CitiFinancial Mortg. Co. v Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *7-9 (Tenn. Ct. App. Jan. 11, 2007).[2] This has been the law in Tennessee since at least 1848. *Id.* at *9 (citing *Henderson v. Galloway*, 27 Tenn. 692, 695-96 (1848)). In fact, FYI expressly acknowledged at least twice in its Response that, if its allegations are true, the deed from the February sale is outright void. *See* [Doc. 75], p. 11 ("Sale #1 and Trustee's Deed #1 are void . . . . [T]he legal effects of Sale #1 and the recordation of Trustee's Deed #1 are void."). As such, FYI's argument is meritless, and Tennessee law clearly supports Judge Haynes's conclusion in *Kantz* I that the August sale cured any defects in the February sale because "if the initial foreclosure sale did not occur then the rights of the parties to the note and deed of trust were not affected by the void sale." Nothing needed to be "undone" or "put back," and all of FYI's claims premised on this theory (which appear to be all of them) must be dismissed.

**C.     FYI'S FDCPA CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

In Rubin Lublin's Motion to Dismiss, it first argued that FYI's FDCPA claim is barred by the one-year statute of limitations and fails to state a claim upon which relief can be granted. FYI

---

[2] A copy of *Beasley* is attached hereto as **Exhibit "1"**.

counters in its Response that the statute of limitations has not expired because "Rubin Lublin's unlawful debt collection activities under the FDCPA are not limited to any particular date, as they are ongoing." However, the Sixth Circuit has held that FDCPA claims are not subject to the continuing-violation doctrine. *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257-58 (6th Cir. 2014). Nevertheless, FYI contends that section II of its brief outlines the "ongoing" violations, but that section of the brief mentions nothing beyond September 2, 2014 – more than one year before this action was filed. *See* [Doc. 75], p. 9.

Despite the fact that the acts complained of clearly took place more than one year ago, FYI maintains that the equitable tolling doctrine or the discovery rule apply to save its claim. While the Sixth Circuit may not have decided whether these doctrines apply to FDCPA claims, this Court has. In a very well-reasoned decision, Judge Sharp held that they do not apply. *See Goodson v. Bank of Am., N.A.*, No. 1:12-00065, 2014 WL 940492, at *2-3 (M.D. Tenn. March 10, 2014).[3] In the case relied upon by FYI, *Ball v. Ocwen Loan Servicing, LLC*, the Northern District of Ohio conducted no legal analysis whatsoever, and simply stated that "[t]he court will accept, for the purposes of these motions, that equitable tolling is applicable in FDCPA actions." 2012 WL 175479, at *6 (N.D. Ohio May 16, 2012).[4] FYI has failed to articulate any reason why *Goodson* was wrongly decided, and this Court should come to the same conclusion as Judge Sharp.

However, even if these doctrines did apply and FYI pleaded sufficient facts with particularity to support the application of these doctrines (which it did not), FYI has still failed to state a claim upon which relief can be granted. It its Motion to Dismiss, Rubin Lublin argued, in part, that FYI failed to plead facts showing that it suffered any actual damages. *See* [Doc. 63-1],

---

[3] A copy of *Goodson* has been filed at [Doc. 63-10].
[4] A copy of *Ball* is attached hereto as **Exhibit "2"**.

6

pp. 19-20. This is a requirement for stating a claim under the FDCPA. *Id.* In its Response, FYI never refutes this argument, but only argues that it does not need to, because it can recover statutory damages instead under a strict liability theory. *See* [Doc. 75], p. 21. This may be true, if FYI were an individual. As Rubin Lublin noted in its Motion to Dismiss, the section of the FDCPA that allows for statutory damages, 15 U.S.C. § 1692k(a)(2)(A), is only applicable (by its plain language) to *individuals*, which FYI is unquestionably not.

It is clear that Congress did not intend to allow artificial entities, such as FYI, to recover statutory damages. In § 1692k(a)(1), any "person" may recover actual damages. The Sixth Circuit has held that, under the FDCPA, the term "person" encompasses artificial entities. *Anarion Inv. LLC v. Carrington Mortg. Servs., LLC*, 794 F.3d 568, 570 (6th Cir. 2015). However, § 1692k(a)(2)(A), regarding entitlement to statutory damages, is explicitly limited to "any action by an individual" and makes no reference to a "person."

In interpreting a similar clause under the automatic stay provision of the bankruptcy code, the Eleventh Circuit[5] held that it is not permitted to rewrite a statute to extend protections to artificial entities when the statute applies only to individuals, because the plain meaning of "individual" does not include artificial entities. *Jove Engin., Inc. v. I.R.S.*, 92 F.3d 1530, 1552 (11th Cir. 1996). FYI has failed to present any argument to the contrary, and this Court should similarly find that artificial entities, such as FYI, are not entitled to statutory damages. Since FYI has essentially conceded that it has not suffered any actual damages, its FDCPA claim fails and should be dismissed.

---

[5] There do not appear to be any cases in which an artificial entity attempted to recover statutory damages under the FDCPA. This is not surprising, because as the Sixth Circuit said in *Anarion Inv.*, it is unusual for an artificial entity to bring a claim under the FDCPA. *See* 794 F.3d at 570.

7

### D. FYI HAS FAILED TO STATE A CLAIM FOR CONVERSION

Lastly, FYI argues that it is, indeed, attempting to state a claim for conversion. This assertion is made despite the Amended Complaint only mentioning conversion in passing, and thus failing to place Rubin Lublin on notice that it was attempting to assert such a claim. *See* [Doc. 63-1], p. 11. However, Tennessee law has never recognized a claim of conversion of real – as opposed to personal – property.

As noted in Rubin Lublin's Motion to Dismiss, there are no known jurisdictions in the United States that allow conversion to be utilized with respect to real property. *See* [Doc. 63-1], pp. 12-13. In fact, this Court stated, without deciding, that it "finds suspect" the notion that a claim for conversion of real property can be maintained. *Prince v. Beal Bank, SSB*, No. 1:09-0093, 2010 WL 841273, at *5 (M.D. Tenn. March 4, 2010).[6] The mere fact that the Tennessee Court of Appeals, in one unpublished decision, briefly stated that a complaint stated a claim for conversion of real property, does not establish that such a cause of action exists. This is especially true in light of the same court, in a published decision, stating that the elements of conversion apply only to chattel, which is unquestionably not real property. *See White v. Empire Emp, Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012).

Notwithstanding this limitation on conversion actions, FYI is still faced with the insurmountable hurdle that Rubin Lublin *never* "appropriated [FYI's] tangible property to [its own use and benefit," which is the first element of a conversion claim. *Id.* FYI did not own any real property at issue in this litigation, and its interest was limited to, at most, a subordinate lien interest.[7] By conducting a foreclosure sale of a senior deed of trust, Rubin Lublin did not

---

[6] A copy of *Prince* is attached hereto as **Exhibit "3"**.
[7] Although it does not explicitly make the argument, FYI seems to suggest that by holding a subordinate deed of trust, it held legal title to the subject property. *See* [Doc. 75], p. 29. However, the title conveyed by a borrower to a trustee in a subordinate deed of trust is *not* legal

8

physically appropriate "tangible property" or exert control or dominion over the deed of trust. FYI's deed of trust was extinguished by the sale, but that did not require a physical taking of the deed of trust, which is required for conversion. Quite simply, FYI is trying to fit a square peg into a round hole. A junior mortgagee's interest cannot be converted by an alleged wrongful foreclosure of a senior deed of trust. Moreover, as noted above, the August sale cured any deficiencies in the February sale, so FYI has not lost any interest as the result of an allegedly wrongful foreclosure. Its conversion claim fails, and must be dismissed.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 8th day of January, 2016.

**HALL BOOTH SMITH, P.C.**

By: /s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219
(615) 313-9911 (telephone)
(615) 313-8008 (facsimile)

*Attorney for Rubin Lublin TN, PLLC*

---

title. Instead, it is the borrower's equity of redemption. *See USA v. Bartlett (In re Bartlett)*, 353 B.R. 398 (Bankr. D. Vt. 2006) (citations omitted) (analyzing rights held by junior mortgagee under general title theory, not specific to any one state). Only the first priority mortgagee is vested with legal title. *Id.* Therefore, FYI does not, and never did, hold legal title to the subject property.

9

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 8th day of January, 2016, I filed the within and foregoing by CM/ECF, which will send notice to all parties in this case.

                              **HALL BOOTH SMITH, P.C.**

                              /s/ H. Buckley Cole
                              H. Buckley Cole (BPR # 11811)

10

Case 3:15-cv-00932   Document 80   Filed 01/11/16   Page 10 of 10 PageID #: 1418