IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Case No. 3:15-cv-00932 |
| v. | ) ) | Judge Nixon |
| | ) | Magistrate Judge Bryant |
| WILLIAM E. KANTZ, JR., | ) ) | |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RUBIN LUBLIN TN., PLLC and BANK OF AMERICA, N.A., | ) ) ) | |
| Third-Party Defendants. | ) ) | |
| FLEX YIELD INVESTMENTS, LLC, | ) ) | |
| Intervenor, | ) ) | |
| v. | ) ) | |
| FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as Conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION, and RUBIN LUBLIN TN, PLLC, | ) ) ) ) ) ) | |
| Intervenor-Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO MOTION TO SEVER**

Comes now Plaintiff, Federal Home Loan Mortgage Corporation ("FHLMC" or "Freddie Mac"), by and through the undersigned counsel, and for its Memorandum in Opposition to Motion to Sever, states the following:

1

## BACKGROUND

In spite of the voluminous filings by Flex Yield Investments, LLC ("FYI), an entity occupying an unidentified position in this matter, this matter is a simple detainer which followed a foreclosure sale. Kantz was the co-borrower on a loan secured by property located at 1244 Mary Helen Drive, Nashville, Tennessee ("the Property"). Kantz defaulted. Rubin Lublin was appointed substitute trustee and advertised a foreclosure sale for February 20, 2014. Kantz filed suit in state court that was ultimately removed to this Court styled *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 U.S. Dist. LEXIS 46017 (M.D. Tenn. April 6, 2015) ("*Kantz I*") alleging that the foreclosure sale on February 20, 2014 did not occur. *Id*, at *2.

At the initial case management conference, Judge Haynes stayed the proceedings for 60 days during which Mr. Kantz would be allowed to repurchase the Property, and if he did not do so, Rubin Lublin would be permitted to conduct another foreclosure sale. *Id*, at *3. Following that the parties were directed to brief the issue whether the second sale mooted the claims asserted by Kantz. When Mr. Kantz failed to repurchase the Property, Rubin Lublin, as specifically permitted by the Court, conducted another foreclosure sale on August 26, 2014. *Id*. at *29. The Property was conveyed to Freddie Mac following the August 26, 2014 foreclosure sale.

Freddie Mac and Rubin Lublin filed motions to dismiss asserting that whatever deficiencies existed, if any, were cured by the second sale. Rather than respond to those motions, Kantz filed a motion to amend and a proposed Third Amended Complaint.

Ultimately, the Court in *Kantz I* determined that "the August foreclosure sale cured any alleged defects from the February foreclosure sale and moots many of Plaintiff's claims." Also, the Court denied Kantz' motion to amend as being futile. The Court noted [Mr. Kantz's proposed amended] complaint is "confusingly pled, contains false and contradictory factual allegations, and fails to allege

Case 3:15-cv-00932   Document 82   Filed 01/13/16   Page 2 of 7 PageID #: 1443

sufficient factual matter that is plausible on its face." *Id*. at *23. Holding that the foreclosure sale held on August 26, 2014 was valid, the Court denied the motion to amend and dismissed the claims in their entirety, and entered judgment in favor of the defendants.

As a result of the dismissal of *Kantz I* and the valid foreclosure sale held on August 26, 2014, Freddie Mac filed this instant detainer, seeking possession only of the Property. FYI has filed numerous documents in opposition, including an Amended Complaint in Intervention [Doc. 45] and the currently pending Motion to Sever [Doc. 77]. FYI alleges that the foreclosure sales held on February 20, 2014 and August 26, 2014 were both invalid, such that they had no impact on its position as a subordinate lien holder, and that due to the alleged invalidity of the foreclosure sales, FYI, for unspecified reasons, should now hold a senior secured position with respect to the Property.[1]

In the Motion to Sever, FYI requests this Court to order a separate trial to be held first on one issue: whether Rubin Lublin conducted and cried the February 20, 2014 foreclosure sale as represented in a substitute trustee's deed recorded on March 6, 2014. For the reasons set forth below, this motion should be denied.

## ARGUMENT

FYI cites to Fed. R. Civ. P. 21 and 42(b) as its basis for the Motion to Sever. Neither of these rules provides a sufficient justification for this Court to grant the motion.

### I. FED. R. CIV. P. 21

Rule 21 is titled "Misjoinder and Nonjoinder of Parties". The Rule states, in part, that "[t]he court may also sever any claim against a party." Thus, on its face, this Rule is available to "a party".

The original "parties" to this matter were Freddie Mac, as Plaintiff, and William Kantz, as Defendant. There were no other parties. FYI filed its Motion to Intervene and subsequent complaint,

---

[1] The absurdity of FYI's position is that if neither sale is valid, FYI would still hold nothing more than a subordinate lien.

3

alleging it had the right to be involved in this case. However, FYI has failed to provide any indication as to what real role it has in this matter, and in fact, has refused to accept any generally understood capacity in this case.

For example, in the Amended Complaint, FYI admits: "FYI is not a 'defending party' in this case, as that term is used under Fed. R. Civ. P. 14(a)(1)." [Doc. 45, ¶ 52.]. FYI further admits: "FYI is not a 'third-party plaintiff' in this case, as that term is used under Fed. R. Civ. P. 14(a)(1)." [Doc. 45, ¶ 53.]

Based on FYI's own admissions, then, it is neither a defending party in this case nor a third-party plaintiff. Moreover, it was not an original party to the matter, as the only plaintiff was Freddie Mac, and the only defendant was William Kantz. Because FYI has admitted that it is not a defending party or third party plaintiff, and because FYI was not an original party, FYI is not a party at all to this case.

Fed. R. Civ. P. 21 is only available to "a party". The Motion to Sever should therefore be denied. In fact, this Court is permitted by Rule 21 to exercise its discretion to drop a party from a lawsuit *sua sponte* whose presence no longer affects the issues being litigated. *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003). Moreover, "the court may rely on Rule 21 to delete parties that have no connection to the claims asserted." *Id*. (*quoting Glendora v. Malone*, 917 F. Supp. 224, 227 n. 3 (S.D. N.Y. 1996)).

As this is a simple detainer matter, and as FYI has no claim at all to possession of the underlying Property, FYI "ha[s] no connection to the claims asserted" and could be dropped from the matter entirely.

## II.     FED. R. CIV. P. 42(b)

Fed. R. Civ. P. 42(b) allows for separate trials to be conducted. It states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more

4

separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

Here, FYI has failed to provide the slightest justification for severing the sole issue it has identified, namely the validity of the February 20, 2014 sale. Moreover, FYI has wholly misstated the basis for the underlying detainer in the first place. FYI states: "It is Freddie Mac's – the putative purchaser of the subject property at the February 20, 2014, foreclosure sale – 'constructive entry' onto the property's premises through the title 'obtained' in a foreclosure that never happened that supposedly provides the basis for maintaining its detainer action." [Doc. 77, p. 3].

In making this statement, FYI has completely ignored the actual facts. FYI admitted in the Amended Complaint that Rubin Lublin advertised the August 26, 2014 foreclosure sale. [Doc. 45, ¶ 38, 39.] FYI further admitted that on September 2, 2014, Rubin Lublin recorded a substitute trustee's deed concerning the August 26, 2014 foreclosure sale. [Doc. 45, ¶ 41.]. FYI further admitted that the underlying detainer in this matter was filed on August 14, 2015, which is almost a year after the August 26, 2014 foreclosure sale and September 2, 2014 substitute trustee's deed. [Doc. 45, ¶ 45.] As a result of such admissions, it is a mystery why FYI claims in the Motion to Sever that the basis of the underlying detainer was the February 20, 2014 foreclosure sale and subsequent trustee's deed, without any reference at all to the August 26, 2014 foreclosure sale and subsequent trustee's deed.

In fact, the actual basis for the underlying detainer is *either* the February 20, 2014 foreclosure sale and substitute trustee's deed recorded thereafter, *or* the August 26, 2014 foreclosure sale and the substitute trustee's deed recorded on September 2, 2014.

Nonetheless, in the proposed Third Amended Complaint in *Kantz I*, Kantz challenged the validity of both the February 2014 sale and the August 2014 sale. The Court, in denying the motion to amend and in dismissing all of the claims, specifically stated: "the August foreclosure sale cured any

5

defects from the February sale.  As discussed infra, there are not any factual allegations supporting the claim that the August foreclosure was not properly noticed or cried.  Further, [William Kantz] does not have a right to the return of his property as the exhibits reflect that Plaintiff has not made any payments toward the loan since September 2012." 2015 U.S. Dist. LEXIS 46017, at *31-2.  The Court in *Kantz I* did not find that there *were* any defects in the February 2014 sale, but simply concluded that even if there were, those defects were cured by the August 2014 sale.

In any event, Plaintiff Freddie Mac is entitled to possession of the Property based on *either* the substitute trustee's deed recorded on March 6, 2014 (the deed being admitted by FYI in Doc. 45, ¶ 32, Exhibit 6], *or* the substitute trustee's deed recorded on September 2, 2014 (the deed being admitted by FYI in Doc. 45, ¶ 41, Exhibit 9).

As FYI has wholly misstated the basis for the detainer in this matter, there is no reason for the Court to grant a motion to sever.  Any questions regarding the validity of both foreclosure sales have already been answered by the Court in *Kantz I*.

## CONCLUSION

For the above reasons, Plaintiff Federal Home Loan Mortgage Corporation respectfully requests that this Court deny the Motion to Sever, and for such other and further relief as this Court deems equitable and appropriate under the circumstances.

Respectfully submitted,

/s/ Jerry Morgan
Jerry Morgan (BPR 029710)
WILSON & ASSOCIATES, PLLC
Creekside Crossing III
8 Cadillac Drive, Suite 120
Brentwood, TN  37027
(615) 255-9388 – Telephone
(615) 255-5581 – Telefax
jmorgan@wilson-assoc.com
*Attorney for Federal Home Loan Mortgage Corporation*

                                                  H. Frederick Humbracht
                                                  BRADLEY ARANT BOULT CUMMINGS LLP
                                                  1600 Division Street, Suite 700
                                                  Nashville, TN 37203
                                                  Telephone: (615) 252-2371
                                                  Facsimile: (615) 525-6371
                                                  rhumbracht@babc.com
                                                  *Attorney for Federal Home Loan Mortgage*
                                                  *Corporation and Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of January, 2016, a true and correct copy of the foregoing was served through the Court's ECF system and/or served via first class U.S. Mail, postage prepaid, to:

Jim Roberts
Roberts & Associates
1700 Hayes Street, Suite 201
P.O. Box 331606
Nashville, TN 37203
Telephone: (615) 242-2002
Facsimile: (615) 242-2042
Jim.roberts@robertsandassociateslaw.com

H. Buckley Cole
Hall Booth Smith, P.C.
Fifth Third Building
424 Church Street, Suite 2950
Nashville, TN 37203
bcole@hallboothsmith.com

Scott D. Johannessen
Law Offices of Scott D. Johannessen
Fifth Third Center
424 Church Street, Suite 2000
Nashville, TN 37219
scott@sdjnet.com


                                                  /s/ Jerry Morgan_____
                                                  Jerry Morgan