IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>WILLIAM E. KANTZ. JR.,<br><br>    Defendant/Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN TN, PLLC and<br>BANK OF AMERICA, N.A.,<br><br>    Third-Party Defendants.<br><br>FLEX YIELD INVESTMENTS, LLC,<br><br>    Intervenor,<br><br>v.<br><br>FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION; and RUBIN LUBLIN TN, PLLC,<br><br>    Intervenor-Defendants. | Case No. 3:15-cv-00932<br>Judge Campbell<br>Magistrate Judge Bryant |

## RUBIN LUBLIN TN, PLLC'S RESPONSE IN OPPOSITION TO FYI'S MOTION TO SEVER

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), and files this Response in Opposition to Flex Yield Investment, LLC's ("FYI") Motion to Sever (the "Motion") [Doc. 77], respectfully showing this Honorable Court as follows:

1

## INTRODUCTION

In this case, which is still in its nascent stages – despite the number of docket entries suggesting otherwise – FYI, a purported former junior lienholder with no claimed possessory interest in the subject property, has apparently decided that it is appropriate to proceed immediately to trial in an eviction action, and has asked this Court to "order a separate trial of and have tried first" a question of "whether Rubin Lublin conducted and cried the February 20, 2014, foreclosure sale . . . ." [Doc. 77], p. 2. However, this request is extremely premature and the Motion should be denied.

In addition to the arguments raised herein, Rubin Lublin fully joins in Federal Home Loan Mortgage Corporation's Response to the Motion to Sever, [Doc. 82].

## ARGUMENT AND CITATION OF AUTHORITY

A.  **The Motion to Sever is Premature**

FYI is seeking an order from this Court severing an issue for trial, despite the fact that it has not even been determined yet whether FYI's Amended Complaint can survive a pending motion to dismiss. *See* [Doc. 63] (Motion to Dismiss). While FYI cites the correct standard for severing an issue, and that the application of this standard is within the discretion of this Court, "[s]uch discretion should only be exercised only after the court is fully informed." *Tarin v. RWI Const., Inc.*, No. CV 12-145 CG/LAM, 2012 WL 12354227, at *3 (D.N.M. July 13, 2012) (collecting cases); *see also Sojo Prods., Inc. v. Does 1-67*, Nos. 3:12-cv-599, 2013 WL 1759561, at *3 (E.D. Tenn. April 24, 2013) ("The Court does not have information sufficient to gauge the appropriateness of the joinder of the Defendants at this time, and severing these claims at this early stage of litigation is likely to cause delays and hinder disposition of these matters.").[1] In *Tarin*, the district court denied a motion to sever, noting that "[d]ue to the nascent stage of the

---

[1] A copy of *Tarin* is attached hereto as **Exhibit "A"** and *Sojo Prods.* as **Exhibit "B"**.

proceedings, it is unclear whether allowing this case to proceed as pled would impermissibly prejudice Defendants' rights. For the same reason, it is unclear at this time whether bifurcating Plaintiffs' claims into ten separate trials would promote judicial economy." *Id.*

"As a rule, it is presumed that all claims will be adjudicated in a single trial, and "it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials." *Cramer v. Fedco Auto. Components Co.*, No. 01-CV-0757E(SR), 2002 WL 1677694, at *1 (W.D.N.Y. July 18, 2002) (quoting *Miller v. Am. Bonding Co.,* 257 U.S. 304, 307 (1921)).[2] "The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials." *Trentham v. Hidden Mountain Reserve, Inc.*, No. 3:08-cv-23, 2010 WL 148166, at *2 (E.D. Tenn. Jan. 11, 2010) (citation omitted).[3]

Here, it is extremely premature for FYI to be seeking a separate trial on one of the purported issues. In this case, FYI's Amended Complaint is currently subject to a Motion to Dismiss, [Doc. 63]. Notably, FYI has failed to respond to many of the arguments raised in the Motion to Dismiss, and thus numerous claims raised in the Amended Complaint are now deemed abandoned. *See* [Doc. 80], pp. 3-4. Moreover, FYI does not even attempt to explain how the standard for motions to sever has been satisfied, and curiously focuses only on possession of the subject property, despite FYI never claiming to be entitled to possession. After all, it is a former junior lienholder. It never had possession of the property; its debtor, William Kantz, had possession. As such, FYI has failed to meet its "burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials," *Trentham*, 2010 WL

---

[2] A copy of *Cramer* is attached hereto as **Exhibit "C"**.
[3] A copy of *Trentham* is attached hereto as **Exhibit "D"**.

3

148166, at *2, and it is entirely too early in this case to be deciding whether an issue should be severed for a separate trial. This Motion should therefore be denied.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that the Motion to Sever be denied.

Respectfully submitted, this 19th day of January, 2016.

**HALL BOOTH SMITH, P.C.**

By: /s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219
(615) 313-9911 (telephone)
(615) 313-8008 (facsimile)

*Attorney for Rubin Lublin TN, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of January, 2016, I filed the within and foregoing by CM/ECF, which will send notice to all parties in this case.

**HALL BOOTH SMITH, P.C.**

/s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)