IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>WILLIAM E. KANTZ. JR.,<br><br>    Defendant/Counter-Plaintiff/Third-Party Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN TN, PLLC and<br>BANK OF AMERICA, N.A.,<br><br>    Third-Party Defendants.<br><br>FLEX YIELD INVESTMENTS, LLC,<br><br>    Intervenor,<br><br>v.<br><br>FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION; and RUBIN LUBLIN TN, PLLC,<br><br>    Intervenor-Defendants. | Case No. 3:15-cv-00932<br>Judge Campbell<br>Magistrate Judge Bryant |

## RUBIN LUBLIN TN, PLLC'S RESPONSE IN OPPOSITION TO WILLIAM E. KANTZ, JR.'S MOTION FOR LEAVE TO AMEND

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), and files this Response in

Opposition to William E. Kantz's Jr.'s ("Kantz") Motion for Leave to File Amended Answer and

1

Amended Counter Complaint (the "Motion") [Doc. 88], respectfully showing this Honorable Court as follows:

## INTRODUCTION

After admitting that the claims in his original third-party complaint were barred by the doctrine of *res* judicata, Kantz is seeking leave to amend, setting forth the same claims based on the same foreclosure sale, but in a longer pleading. *See* [Doc. 67], p. 7 ("As shown above each of the elements [of claim preclusion] is established. Accordingly, claims [*sic*] preclusion applies to bar the claims asserted by Kantz in this case."). The proposed amended counterclaims (the "Proposed Amendment") is longer because it is an unintelligible mashup of Kantz's original counterclaims and FYI's Amended Complaint. *Compare* [Doc. 9] *with* [Doc. 45] *with* [Doc. 88-1]. In fact, Kantz did not even bother to remove FYI from the portions that were copied and pasted. For example, in Kantz's FDCPA claim, the Proposed Amendment seeks relief on behalf of FYI, not Kantz. *See* [Doc. 88-1], ¶¶ 194, 196, 197, 198, 201.

Regardless of the quality (or lack thereof) of the Proposed Amendment, it is without question that all claims, whatever they may be, that are in any way related to the February or August 2014 foreclosure sales, are barred by the doctrines of *res judicata* and/or issue preclusion. Kantz cannot escape this conclusion, and this Court should deny the Motion for Leave to Amend as futile.

As with his original Third-Party Complaint against Rubin Lublin [Doc. 9], the Proposed Amendment is nothing short of a bad faith attempt to relitigate – through improper third-party claims – the *exact* same issues that have already been determined to be either moot or meritless by this Court in *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531 (M.D. Tenn.

April 6, 2015) (Haynes, J.) ("*Kantz* I").[1] Moreover, Kantz is attempting to relitigate and expand the current litigation by way of a third-party complaint that asserts claims which bear no relation to the sole claim asserted by Freddie Mac for unlawful detainer. This is not permitted by Fed. R. Civ. P. 14(a), which governs third-party practice, and the Motion must be denied as futile.

## STATEMENT OF FACTS

Many of the relevant facts were thoroughly recounted by Judge Haynes in his dispositive 42-page Memorandum Opinion in *Kantz* I. *See* 2015 WL 1543531, at *1-3. As Judge Haynes stated, *Kantz* I "arises out of Plaintiff's allegations that on February 20, 2014, at the Davidson County courthouse, no one on behalf of Defendant Rubin Lublin appeared at the foreclosure sale of Plaintiff's property to cry the sale of the property and that a sale of the property did not occur." *Id.* at *1. The relevant deed of trust was executed by Mr. Kantz and Sandra Lee on December 20, 2007, and conveyed the property located at 1244 Mary Helen Drive, Nashville, Tennessee 37220 (the "Property") to PRLAP, Inc., as Trustee for Bank of America, N.A. (the "Deed of Trust"). *See* [Doc. 88-2], pp. 1-17. Rubin Lublin was later appointed as substitute trustee in place of PRLAP, Inc. *See Kantz* I at [Doc. 30-2].

Judge Haynes stayed the case for 60 days following the Case Management Conference on June 27, 2014. He allowed the Plaintiff "thirty (30) days to arrange the repurchase of the subject property; if Plaintiff does not do so, Defendants will then have an additional thirty (30) days to arrange notice and sale of the property. Parties will then file additional briefing addressing the mootness of certain claims." *See Kantz* I, June 27, 2014 Minute Entry. Freddie Mac gave Mr. Kantz an opportunity to satisfy the indebtedness underlying the subject deed of trust in full in exchange for a reconveyance of the property. *See id.* at [Doc. 61-1], ¶ 51. Mr. Kantz did not pay this amount and Rubin Lublin TN, PLLC, as substitute trustee, held another properly advertised

---

[1] A copy of *Kantz* I is attached hereto as **Exhibit "A"**.

foreclosure sale on August 26, 2014. *See id.* at [Doc. 43]. The results of the February 20 and August 26 sales were exactly the same – the Property was sold to Freddie Mac for $398,126.15. Both Freddie Mac and Rubin Lublin then filed motions to dismiss the case as moot, arguing that if the February 20 sale was invalid, any deficiencies in that sale were cured by the August 26 sale, and that if the February 20 sale was valid, the August 26 sale was a harmless nullity. *See id.* at [Doc. 48, 50].

Rather than properly responding to the motions to dismiss as moot, Mr. Kantz sought leave to file a third amended complaint. *See id.* at [Doc. 61]. In the words of Judge Haynes, through the proposed amendment, Mr. Kantz alleged "that the February and post-stay foreclosure sales were fraudulent and failed to comply with any of the terms and conditions of the underlying note and deed of trust." 2015 WL 1543531, at *5. This Court found that the proposed amendment was futile because "the August foreclosure sale cured any alleged defects from the February sale and moots many of Plaintiff's claims. Also, Plaintiff's complaint is confusingly pled, contains false and contradictory factual allegations, and fails to allege sufficient factual matter that is plausible on its face." *Id.* at *9. In reaching this determination, this Court made an explicit finding that the August sale was valid, noting that "the August sale was undisputedly conducted . . . ." *Id.* at *17. It was further noted that the sale was held "as authorized by the Court at the June 27, 2014 case management conference . . . . ." *Id.* At *22. Judge Haynes proceeded to find both that Mr. Kantz failed to state a claim upon which relief can be granted, and that the claims regarding the February sale were mooted by the August sale. *Id.* at *26 (granting motions at Docs. 29, 47, 49). Judgment was then entered on April 7, 2015, in favor of the defendants, including Rubin Lublin. *Kantz* I at [Doc. 88]. Mr. Kantz appealed the final

4

judgment to the Sixth Circuit on May 6, 2015. *See id.* at [Doc. 89]. The appeal remains pending as Case No. 15-5490.

On August 17, 2015, Freddie Mac caused a civil warrant to be issued by the Davidson County General Sessions Court for the purposes of seeking possession of the Property following the foreclosure sale. *See* [Doc. 1-1]. As the civil warrant expressly states, Freddie Mac is seeking "rents by Plaintiff(s) in the sum of 0 [Zero] Dollars and the claim(s) for Possession Only and the costs of this cause." *Id.* Trial on the matter was scheduled for September 2, 2015, *id.*, but Mr. Kantz removed the case to this Court on August 26, 2015. [Doc. 1]. Mr. Kantz stated that he was served "on or about August 24, 2015, [Doc, 1-1], ¶ 2, but Mr. Kantz did not file his Answer and Third-Party Complaint until September 24, 2015, far beyond the deadline imposed by Fed. R. Civ. P. 81(c)(2). No leave of court was sought, or obtained, to file the late Answer and Third-Party Complaint.

The Third-Party Complaint set forth eight causes of action, each one challenging the validity of the August foreclosure sale that this Court expressly found was valid in *Kantz* I. While these claims are undoubtedly barred by the doctrine of res judicata, this Court does not even need to make such a determination because Freddie Mac's claim for possession cannot, by its very nature, give rise to a third-party complaint, since such a complaint "must be in the nature of indemnity, contribution, or subrogation." *Ohio Farmers Ins. Co. v. Special Coatings, LLC*, No. 3:07-1224, 2008 WL 5378079, at *13 (M.D. Tenn. Dec. 23, 2008) (citing *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *Docuhette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005)).[2] Accordingly, the Third-Party Complaint should be stricken from the docket.

---

[2] A copy of *Ohio Farmers* is attached hereto as **Exhibit "B"**.

5

# ARGUMENT AND CITATION OF AUTHORITY

## A. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a)(2), the Plaintiff must seek leave of court to amend his complaint because more than 21 days have elapsed after a Rule 12(b) motion was filed. Although Rule 15(a)(2) directs that "[t]he court should freely give leave when justice so requires," this is not without limits. "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Futility is also present when a proposed amendment is subject to being stricken. *See Scott v. City of Sioux City*, 23 F. Supp. 3d 1017, 1022 (N.D. Iowa 2014).

## B. THE PROPOSED AMENDMENT IS AN IMPROPER THIRD-PARTY COMPLAINT

As with the original pleading that Kantz filed, the Proposed Amendment is in the form of a third-party complaint, naming Rubin Lublin as a third-party defendant. Although the Proposed Amendment is so obviously barred by the doctrine of res judicata, this Court should find that it does not need to undertake an analysis of res judicata, since the sole cause of action asserted by Freddie Mac cannot, by its nature, result in a third party being liable to Kantz. This is a threshold issue, since a defendant can only file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Pursuant to Fed. R. Civ. P. 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." This Court, relying upon binding case law from the Sixth Circuit, has previously set forth what types of claims are allowed in a third-part complaint:

6

> Rule 14(a)(1) provides in pertinent part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Although Rule 14(a) was designed to promote judicial economy, the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the Court. *See Doucette v. Vibe Records, Inc.,* 233 F.R.D. 117, 119-120 (E.D.N.Y.2005).
>
> Third-party pleading is appropriate "where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (6th Cir. 2008). The hallmark of a third-party claim is the attempt of the defendant to transfer the liability asserted against it by the original plaintiff to the third party defendant. *See id.* The claim against the third party defendant cannot be simply an independent or related claim, but must be based upon the original claim of the plaintiff against the defendant. *See id.; Unilease Computer Corp. v. Major Computer Inc.,* 126 F.R.D. 490, 492 (S.D.N.Y. 1989). "Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *American Zurich Ins. Co.,* 512 F.3d at 805. **The third party complaint must be in the nature of indemnity, contribution, or subrogation.** *Id.; Doucette,* 233 F.R.D. at 120.

*Ohio Farmers Ins. Co.*, 2008 WL 5378079, at *13.

In short, "Rule 14(a) impleader is limited to a claim where the [defendant/third-party plaintiff] can show that, if they are found liable to [the plaintiff], then [the third-party defendant] will be liable to them." *Id.* at *14. By their very nature, "indemnity, contribution, or subrogation" claims depend upon a defendant being found liable for monetary damages, which is evident by the definition of each term. Indemnity is defined as "the right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty." *Black's Law Dictionary* 772 (7th ed. 1999). Contribution is defined as "[a] tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his proportionate share, the shares being determined as a percentage of fault." *Id.* at 329. And subrogation is

7

defined as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." *Id.* at 1440.

However, the claim in this case, asserted by Freddie Mac, seeks only possession of the Property, and explicitly states that it is seeking zero monetary damages. Accordingly, Kantz cannot look to a third party, such as Rubin Lublin or Bank of America, for reimbursement, since there is nothing to reimburse him for. Moreover, even if Freddie Mac was suing for monetary damages, the Proposed Amendment does not allege that Rubin Lublin has any duty to indemnify Kantz, does not allege that it is a joint tortfeasor that would be liable for contribution, or that Kantz paid off any sort of debt that would give rise to subrogation. Nowhere are these deficiencies more evident than in the faulty summons that Kantz submitted to the Clerk. *See* [Doc. 23]. Filling in names in the blanks of a court-provided form, Kantz stated that "[a] lawsuit has been filed against defendant <u>Rubin Lublin TN, PLLC</u>, who as third-party plaintiff is making this claim against you to pay all or part of what the defendant may owe to the plaintiff <u>William E. Kantz</u>."[3] *Id.* Not only are these party designations clearly incorrect, but Kantz could never fill in the blanks in a manner that makes any sense, since Kantz will never owe Freddie Mac money on a complaint that requests zero in damages. Therefore, the Proposed Amendment is not, in any respects, a proper third-party pleading under Rule 14, and this Court should deny the Motion as futile.

## C. THE PROPOSED AMENDMENT FAILS TO STATE A CLAIM AND IS FUTILE

Even if the Proposed Amendment was a proper third-party complaint, it still fails to state a claim under Rule 12(b)(6). This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v.*

---

[3] The underlines portions represent the blanks that were filled in by Kantz.

8

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### 1. *The Proposed Amendment is barred by res judicata*

The entire Proposed Amendment is dedicated to challenging the validity of the August foreclosure sale and the actions of the parties leading up to the sale. However, the August sale was extensively litigated in *Kantz* I. In that case, this Court unequivocally found that the August sale was valid, stating that "if the February sale did not take place, then the deed of trust was properly foreclosed in August and the substitute trustee's deed from February is a nullity, but if the February sale took place without issue, then the August deed is a nullity. Regardless of the situation, Plaintiff's interest in the property was divested, and title is vested in [Freddie Mac]." 2015 WL 1543531 at *23. As a result of the final judgment in *Kantz* I, the Proposed Amendment is clearly barred by the doctrine of res judicata.

Although reviewing filings and orders from *Kantz* I are technically matters outside of the pleadings, and "typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 567 (6th Cir.

2008)). This principal explicitly applies to a motion to dismiss premised on res judicata. *See id.*

In taking judicial notice of *Kantz* I, this Court will see in the chart below that the *exact same claims* raised in the Proposed Amendment were set forth in the futile proposed third amended complaint in *Kantz* I *See Kantz* I, [Doc. 61-1]:

| Cause of Action in Proposed Amendment | Location in *Kantz* I (Proposed Third Amended Complaint) |
|---|---|
| Count I – Declaratory Relief that the August 2014 foreclosure sale is void | Count I |
| Count II – Fraud in the August 26, 2014 Foreclosure Sale (Wrongful Foreclosure) | Count III |
| Count III – Breach of Contract | Count IV |
| Count IV – Violation of Tennessee Consumer Protection Act | Count VI |
| Count V – Violation of the Fair Debt Collection Practices Act | Count VII |
| Count VI – Violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act | Count VII |
| Count VII – Intentional Misrepresentation, Fraudulent Concealment, and Conversion of Property | Count V ("Return of Property")[4] |
| Count VIII – Conspiracy | Count IV |

In determining whether a subsequent action is barred by res judicata, the Sixth Circuit has held that the following four elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Winget*, 537 F.3d at 577-78 (quoting *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002)).

In this case, it is very apparent that all four elements are satisfied. First, "[a] court's determination that a proposed amendment to a complaint would be futile operates as a judgment

---

[4] While this claim may be couched in slightly different terms, it does not matter, since it arises out of the same transaction.

on the merits of the proposed claims. This conclusion follows from the fact that 'when a . . . court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.'" *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014) (quoting *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999)). The fact that *Kantz* I is currently on appeal is meaningless to this analysis, since "it is well established that a final trial court judgment operates as *res judicata* while an appeal is pending." *Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992) (collecting cases).

Second, both Kantz and Rubin Lublin were parties to *Kantz* I. Third, whether the August foreclosure sale was valid was an issue that was actually litigated, as this Court noted that the proposed third amended complaint in *Kantz* I "seeks to invalidate the August 26 foreclosure sale." 2015 WL 1543531 at *9. This Court then concluded that "the August foreclosure sale cured any defects from the February sale." *Id.* at *13. In other words, this Court had to first find that the August sale was valid in order to determine that certain claims were moot, and therefore the proposed amendment was futile. Kantz also raises numerous allegations about the amount of the debt owed at the time of foreclosure sale, *see, e.g.,* [Doc. 88-1], ¶¶ 107, 147, 148, but that, too, was litigated in *Kantz* I. *See* 2015 WL 1543531, at *11. Moreover, the chart above demonstrates that *Kantz* I raised the same claims arising out the same foreclosure sale, and in fact, many of the allegations are simply copied and pasted from *Kantz* I. *Compare* 2015 WL 1543531, at *14 *with* [Doc. 88-1], ¶ 107. This, alone, is sufficient to satisfy the third element. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009).[5]

---

[5] If this Court was to replace the facts in the following quote from *Bragg* with the facts of the instant case, it becomes even clearer that *res judicata* applies: "A comparison of the pleadings in the 2007 case and the present case reveals that the three additional elements necessary to res judicata are indeed satisfied. First, both actions involve identical parties. Plaintiff brought her

11

Fourth, and finally, the exact same claims were set forth in *Kantz* I. However, it is not even necessary that the claims be exactly the same, since the fourth element is satisfied if "'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'" *Winget*, 537 F.3d at 580 (quoting *Browning,* 283 F.3d at 773–74). Additionally, "the doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action." *Bragg*, 570 F.3d at 777 (citation omitted). It is without question that the same transactions (or foreclosure sales) form the basis for both this action and *Kantz* I. Therefore, all four elements of res judicata have been shown to be present here, and the Motion for Leave to Amend must be denied as futile.

In Kantz's Motion, he argues that *res judicata* does not apply because "the issue of *possession* of Mr. Kantz's Property was not raised in the previous litigation and therefore can and should be freely raised in this matter." [Doc. 88], p. 2 (emphasis in original). Kantz is correct that a party can raise wrongful foreclosure (or lack of title) as a *defense* to an unlawful detainer claim (seeking possession), but that argument does not help him here. First of all, he is asserting affirmative claims against Rubin Lublin, not raising wrongful foreclosure as a defense to any

2007 claim against the Flint Board of Education, Walter Milton, Flint Community Schools, Linda Thompson, Mary Madden, and the United Teachers of Flint, Inc. Her 2008 complaint lists the exact same parties as defendants. Second, the present action raises issues which were, or could have been, asserted in her 2007 action. Bragg's 2007 complaint alleged five counts, all arising out of the discrimination that she alleged resulted in her suspension and subsequent dismissal from Flint Community Schools. Bragg's 2008 complaint involved six counts, five of which were identical to those alleged in the 2007 complaint. The only additional claim she alleged was for misrepresentation and nondisclosure. The doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660–61 (6th Cir.1990). The claim for misrepresentation and nondisclosure of union procedures arose out of the same set of facts as did the first five counts she had alleged and involved the same time period. Accordingly, the claim could and should have been litigated in her prior suit. Finally, the very same discriminatory acts alleged in the 2007 complaint were alleged in the present case. Thus, the fourth requirement of res judicata is satisfied."

12

Case 3:15-cv-00932   Document 93   Filed 02/12/16   Page 12 of 15 PageID #: 1661

claims by Rubin Lublin, who is not a plaintiff. Second, even if Kantz does raise wrongful foreclosure as a defense to *Freddie Mac's* (not Rubin Lublin's) unlawful detainer claim, he still must face the fact that the issue of title has already been litigated, and it was conclusively decided that "[Kantz's] interest in the property was divested, and title is vested in [Freddie Mac]" as the result of a valid foreclosure sale. 2015 WL 1543531 at *23. *See, e.g., Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 816 (S.D. Tex. 2013) (affirmative defenses can be barred by issue preclusion). However, this second point is merely academic, because Rubin Lublin is not the party seeking possession, and therefore this Court can be satisfied that *res judicata* bars all affirmative claims pleaded by Kantz against Rubin Lublin.

D. **THE PROPOSED AMENDMENT FAILS TO PROVIDE A SHORT AND PLAIN STATEMENT**

In addition to being barred by *res judicata*, the Proposed Amendment is also futile because it is not a short and plain statement, as required by Fed. R. Civ. P. 8(a). The Proposed Amendment (excluding exhibits) totals 43 pages, 210 paragraphs, and eight distinct counts. Courts around the country have denied plaintiffs leave to amend when they attempt to amend a proposed complaint that does not comply with Rules 8(a) and 10, on grounds of futility, undue delay, and prejudice. *See Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891-92 (11th Cir. 2013) (futility); *LNV Corp. v. Gebhardt*, No. 3:12-CV-468-TAV-HBG, 2014 WL 1092109, at *7 (E.D. Tenn. March 18, 2014) (futility); *Jean-Bart v. DVA Renal Healthcare, Inc.*, No. 2:12-cv-160-FtM-99DNF, 2012 WL 5989200, at *2 (M.D. Fla. Oct. 15, 2012) (futility); *Mashak v. Minnesota*, No. 11-473 (JRT/JSM), 2012 WL 928225, at *21-22 (D. Minn. Jan. 25,

2012) (undue delay and prejudice).[6] The Proposed Amendment fails to comply with Rule 8(a) because it is a shotgun complaint.

A shotgun complaint that "incorporates by reference all prior allegations in the Complaint, leaving the final count 'an amalgamation of everything in the complaint.'" *Cobb v. Regions Bank*, No. 09-2806, 2010 WL 2010780, at *2 (W.D. Tenn. May 19, 2010) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).[7] "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. '[W]ast[ing] scarce judicial and parajudicial resources ... impedes the due administration of justice' and, in a very real sense, amounts to obstruction of justice." *Byrne*, 261 F.3d at 1131 (quoting *United States v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984)).

The Proposed Amendment is a quintessential shotgun pleading. All eight counts incorporate by reference every remaining paragraph that comes before it. *See* [Doc. 88-1], ¶¶ 92, 105, 109, 115, 162, 169, 202. As such, the Proposed Amendment "incorporates by reference all prior allegations in the Complaint, leaving the final count 'an amalgamation of everything in the complaint.'" *Cobb*, 2010 WL 2010780, at *2. Count VIII incorporates the prior *201 paragraphs* that come before it. Moreover, Kantz could not have even been bothered to revise the portions of the Proposed Amendment that were simply copied and pasted from FYI's Amended Complaint. *See* [Doc. 88-1], ¶¶ 194, 196, 197, 198, 201. Thus, Counts VII and VIII include completely irrelevant references to FYI. This lazy pleading is a hallmark of Kantz and FYI. In fact, in *Kantz* I, Kantz tried repeatedly amending times before this Court dismissed the entire case. This Court

---

[6] A copy of *LNV Corp.* is attached hereto as **Exhibit "C"**; *Jean-Bart* as **Exhibit "D"**; and *Mashak* as **Exhibit "E"**.

[7] A copy of *Cobb* is attached hereto as **Exhibit "F"**.

14

should not allow Kantz to chart a similar course in this case, and the Motion should be denied because the Proposed Amendment is a futile shotgun pleading.

## CONCLUSION

Despite the length of the Proposed Amendment, it is without question that every single claim concerns the August 2014 foreclosure sale, or the events leading up to the sale. These claims have already been litigated in *Kantz* I, and are undoubtedly barred by the doctrine of res judicata. Moreover, Kantz is seeking to assert these claims in a third party pleading, despite Rubin Lublin not fitting the requirements of a third party defendant. The Proposed Amendment is meritless, and Rubin Lublin respectfully requests that this Court deny Kant's Motion for Leave to Amend as futile.

Respectfully submitted, this 12th day of February, 2016.

**HALL BOOTH SMITH, P.C.**

By: /s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219
(615) 313-9911 (telephone)
(615) 313-8008 (facsimile)

*Attorney for Rubin Lublin TN, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of February, 2016, I filed the within and foregoing by CM/ECF, which will send notice to all parties in this case.

**HALL BOOTH SMITH, P.C.**

/s/ H. Buckley Cole
H. Buckley Cole (BPR # 11811)