| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| WILLIAM KANTZ, ) ) | |
| Defendants. ) | |
| WILLIAM KANTZ, ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) | No. 3:15-cv-00932 |
| BANK OF AMERICA, N.A., RUBIN LUBLIN TN, PLLC, ) ) ) | Judge Campbell<br>Magistrate Judge Bryant |
| Third-Party Defendants. ) | |
| FLEX YIELD INVESTMENTS, LLC, ) ) | |
| Intervenor, ) ) | |
| v. ) ) | |
| FEDERAL HOUSING FINANCE AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION, RUBIN LUBLIN TN, PLLC, ) ) ) ) ) ) | |
| Intervenor-Defendants. ) | |

**FEDERAL HOME LOAN MORTGAGE CORPORATION AND BANK OF AMERICA, N.A.'S RESPONSE IN OPPOSITION TO KANTZ'S MOTION TO FILE AMENDED ANSWER AND AMENDED COUNTER COMPLAINT AND THIRD PARTY COMPLAINT**

Plaintiff, Federal Home Loan Mortgage Corporation ("Freddie Mac") and Third-Party Defendant Bank of America, N.A. (BANA) oppose Kantz's motion to amend. (Doc. #88). It is respectfully submitted that proposed amendments are futile and should be denied.

Kantz's proposed amendments add no new claims against Freddie Mac, and the ones they revisit with respect to possession are still barred by issue and claims preclusion. Kantz asserts that the issue of right to possession can be asserted in defense to an unlawful detainer action and that since right to possession was not involved in the prior suits, that claim is not barred. The fallacy of that argument is that the claim is based upon the validity of the foreclosure sale that this Court previously held was valid to convey title to the property to Freddie Mac.

Furthermore, to the extent that the proposed amended the complaint attempts to assert claims against BANA, those claims are not proper third-party claims. And even if the claims *could* be brought under Rule 14, they would likewise be barred by res judicata. The Court should deny the motion to amend as futile, and dismiss the original complaint.

## I. BACKGROUND FACTS & PROCEDURE

The issues that control this case were decided by this Court in the case of *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531 (M.D. Tenn. Apr. 6, 2015) ("*Kantz I*"). The claims asserted in *Kantz I* included a wrongful foreclosure claim as well as various other claims and causes of action that Kantz attempted to add via a proposed Third Amended Complaint. Freddie Mac and BANA have discussed in detail the issues and claims asserted in *Kantz I* and demonstrated that the Court's opinion in *Kantz I* precludes the claims brought in this action.

2

Likewise, in response to Freddie Mac's and BANA's motion to dismiss, Kantz admitted that claims preclusion applied to bar his claims in this action. Kantz's reply brief stated: "**As shown above each of the elements [of claims preclusion] is established. Accordingly, claims preclusion applies to bar the claims asserted by Kantz in this case** (emphasis added)." (Doc. 67, p. 7).

After the Court validated the foreclosure proceedings in *Kantz I*, Freddie Mac filed a detainer action in state court seeking "Possession Only." Kantz removed that detainer action to this Court and promptly began relitigating the issues resolved by this Court in *Kantz I*. Kantz's initial counter claims and third-party claims, and the proposed amended pleading all present insubstantial variations on the same legal theories rejected in *Kantz I*. His proposed amendment follows the familiar pattern.

## II.  ARGUMENT

### A.  *Standard of Review*

A district court should deny a motion to amend the pleadings "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A claim cannot survive a motion to dismiss under Federal Rule 12(b)(6) of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

### B. *This Court's Judgment in* **Kantz I** *Bars Kantz from Relitigating the Validity of the Foreclosure.*

As Kantz acknowledged in his response to previous Motion to Dismiss, the *Kantz I* Court "held the second August 2014 foreclosure sale cured the (sic) all the errors in both sales." (Doc. 67, at 7.) Freddie Mac and BANA have repeatedly addressed unsupported assertions by Kantz that he should be allowed to relitigate the lost arguments related to the foreclosure. (*See* Doc. 35; Doc. 76; *see also* Rubin Lubin TN, PLLC's Resp. Opp'n Kantz Mot. Leave Amend, Doc. 93, at 10–13.) Given Kantz's recognition that *Kantz I* decided the validity of the foreclosure against him and the extensive prior briefing on the res judicata issue, Freddie Mac and BANA focus on Kantz's flawed argument that "the issue of possession" provides him with a back door to avoid the preclusive effects of *Kantz I*.

### C. *Kantz Cannot Avoid the Preclusive Effect of This Court's Approval of the Foreclosure Sales by Focusing on Possession.*

In his Motion to Amend, Kantz indicates that the only significant difference in the amended pleadings relates to Kantz's attorney's discovery that the right to possession can be a defense to a detainer action based on a claim of wrongful foreclosure. However, such a claim is premised upon a conclusion that the foreclosure sale was wrongful or did not give the party seeking possession the right to immediate possession of the property. The fallacy with Kantz's argument is that here the foreclosure sale has been held valid. Accordingly, title to the property passed to Freddie Mac and it is entitled to oust Kantz in the detainer action. Claims and issue preclusion bars Kantz's assertion that the foreclosure was wrongful.

The line of cases Kantz miscites in his brief actually reinforce the res judicata bar against relitigating the foreclosure. *See Davis v. Williams*, No. E2010-01139-COA-R3-CV, 2011 WL 335069, at *3 (Tenn. Ct. App. Jan. 31, 2011). Kantz relies on a misattributed quotation from

4

*Davis* for the proposition that "[t]here is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure." *Id.* But *Davis* relies on the availability of the wrongful foreclosure defense to give full res judicata effect to a prior proceeding in which "fraud in the foreclosure . . . was conclusively determined not to exist." *Id.* at 4 (quoting *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006)).

If Freddie Mac had brought this detainer action based on a foreclosure that had not been adjudicated, Kantz certainly could have argued wrongful foreclosure as a defense. But Kantz *did* argue wrongful foreclosure in *Kantz I*. And as Kantz acknowledges, this Court previously "held the second August 2014 foreclosure sale cured the (sic) all the errors in both sales." (Doc. 67, at 7.) This Court held, "[r]egardless of the situation, [Kantz]'s interest in the property was divested, and title [was] vested in [Freddie Mac]." *Kantz I*, 2015 WL 1543531, at *23. Freddie Mac's right to possession follows directly from that judgment.

Further, the assertion of wrongful foreclosure or the ability to assert possession as a distinct claim is also barred. "A party can demonstrate that there has been an 'identity of the causes of action' if 'the claims arose out of the same transaction or series of transactions, or [if] the claims arose out of the same core of operative facts.'" *Browning v. Levy*, 283 F.3d 761, 773–74 (6th Cir.2002). Here, the claims arise from the same operative facts and the same transaction or series of transactions. Accordingly, Kantz's attempted to relitigate the foreclosure is barred.

Freddie Mac brought this detainer action to enforce that judgment in *Kantz I* by taking possession of the property. The detainer action does not grant Kantz the opportunity to relitigate the validity of the foreclosure. Accordingly, Kantz is barred from arguing that a defect in the foreclosure entitles him to possession. Nor can he use "the issue of possession" to collaterally

5

Case 3:15-cv-00932   Document 101   Filed 03/01/16   Page 5 of 8 PageID #: 1904

attack the judgment of *Kantz I* by revisiting claims that depend on invalidating the foreclosure this Court held to be valid.

### D. Kantz Cannot Implead BANA into this Detainer Action Because There Can Be No Indemnification where Freddie Mac Seeks Only Possession.

Rule 14 of the Federal Rules of Civil Procedure allows defendants to interplead "a nonparty who may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-party pleading is only appropriate when "the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). A defendant cannot bring an independent cause of action, even if it arises under the same facts, unless it is "founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." *Id.*

In a case such as this one seeking only possession of real property following a valid foreclosure, third-party practice under Rule 14 simply makes no sense. BANA cannot surrender possession of the property *for* Kantz. Nor, for that matter, can Rubin Lubin or anyone else. Kantz's non-possessory claims against BANA and Rubin Lubin cannot be brought as third-party complaints in this action. And even if Kantz could bring them under Rule 14, they would be barred under res judicata because this Court previously rejected Kantz's third-party claims when he brought them as direct claims in *Kantz I*. They should be stricken.

### III. CONCLUSION

Kantz's proposed amended pleadings present no new argument with any foundation in fact or law.[1] They still suffer from the same deficiencies that Judge Haynes rejected for being

---

[1] Freddie Mac and BANA adopt and incorporate the arguments asserted by Rubin Lublin in opposition to the motion to amend.

6

"confusingly pled, contain[ing] false and contradictory factual allegations, and fail[ing] to allege sufficient factual matter that is plausible on its face." *Kantz I*, 2015 WL 1543531 at *9. Accordingly, Freddie Mac and BANA respectfully ask the Court to deny Kantz's Motion for Leave to File Amended Answer and Amended Counter Complaint.

        Respectfully submitted,

*/s/H. Frederick Humbracht*
H. Frederick Humbracht (No. 2993)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2371
Facsimile: (615) 252-6371
rhumbracht@babc.com

*Attorney for Federal Home Loan Mortgage Corporation and Bank of America, N.A.,* and

Gerald D. Morgan
Wilson & Associates, PLLC
8 Cadillac Drive
Suite 120
Brentwood, TN 37027
Email: jmorgan@wilson-assoc.com

Randall S. Bueter
Wilson & Associates, PLLC
1521 Merrill Drive
Suite D-220
Little Rock, AR 72211
Email: rbueter@wilson-assoc.com

*Attorneys for Federal Home Loan Mortgage Corporation*

7

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief is being forwarded via the Court's Electronic Filing System to:

>Jim Roberts
>Roberts & Associates
>1700 Hayes Street, Suite #201
>P.O. Box 331606
>Nashville, TN 37203
>(615) 242-2002
>Facsimile: (615) 242-2042
>Email: Jim.Roberts@RobertsAndAssociatesLaw.com

>H. Buckley Cole
>Hall Booth Smith, P.C.
>Fifth Third Building
>424 Church Street
>Suite 2950
>Nashville, TN 37203
>Email: bcole@hallboothsmith.com

>Scott D. Johannessen
>Law Offices of Scott D. Johannessen
>Fifth Third Center
>424 Church Street
>Suite 2000
>Nashville, TN 37219
>Email: scott@sdjnet.com

on this the 1st day of March, 2016.

>*/s/H. Frederick Humbracht, Jr.*
>H. Frederick Humbracht, Jr.