UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | )<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| v. | ) Case No. 3:15-cv-00932<br>) Judge Campbell |
| WILLIAM E. KANTZ, JR., | ) Magistrate Judge Bryant<br>) |
| Defendant/Counter-Plaintiff. | )<br>) |
| WILLIAM E. KANTZ, JR., | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| RUBIN LUBLIN TN, PLLC and BANK OF AMERICA, N.A., | )<br>)<br>) |
| Third-Party Defendants. | )<br>) |
| FLEX YIELD INVESTMENTS, LLC, | )<br>) |
| Intervenor, | )<br>) |
| v. | )<br>) |
| RUBIN LUBLIN TN, PLLC, | )<br>) |
| Intervenor-Defendant. | ) |

To: The Honorable Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Flex Yield Investments, LLC's ("FYI's") motion to ascertain Federal Home Loan Mortgage Corporation's ("Freddie Mac's") Article III standing and status as

1

real party in interest. (Doc. 33). Also pending are two related motions to strike. (Docs. 53, 56). For the following reasons, the Magistrate Judge **RECOMMENDS** that FYI's motion to ascertain Freddie Mac's Article III standing and status as real party in interest (Doc. 33) be **GRANTED** and FYI's motions to strike (Docs. 53, 56) be **DENIED**.

Should the District Judge adopt this report and recommendation, the undersigned **RECOMMENDS** that Freddie Mac be **DIRECTED** to file an amended complaint within twenty-one (21) days of adoption of this report and recommendation, Mr. Kantz be **GRANTED** thirty (30) days to file an amended answer and any counterclaims or third-party claims, Mr. Kantz's motion to file an amended answer and amended counter complaint (Doc. 88) be **DENIED** as moot, and the pending motions to strike or dismiss Mr. Kantz's counterclaim and third-party claims (Docs. 11, 34) be **DENIED** as moot without prejudice.

## I. STATEMENT OF THE CASE

The instant suit is related to a prior case filed in this Court and currently pending appeal at the Sixth Circuit, *Kantz v. Rubin Lublin, PLLC, et al.*, No. 3:14-cv-01113 (M.D. Tenn.) ("*Kantz I*"). In *Kantz I*, the District Judge addressed Mr. Kantz's complaints regarding a foreclosure sale and ultimately dismissed the case, finding that a subsequent foreclosure sale cured the alleged defects of the previous sale and mooted Mr. Kantz's claims. *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531, at *23-25 (M.D. Tenn. Apr. 6, 2015).

Upon the resolution of the *Kantz I* case, Freddie Mac initiated a detainer action against Mr. Kantz in the General Sessions Court of Davidson County, Tennessee. (Doc. 1-1). Mr. Kantz removed the suit to this Court, filed a counterclaim against Freddie Mac, and filed third-party claims against Rubin Lublin TN, PLLC ("Rubin Lublin") and Bank of America, N.A. ("BANA"). (Docs. 1, 9). Freddie Mac, Rubin Lublin, and BANA moved to strike or dismiss Mr.

Kantz's counterclaim and third-party claims. (Docs. 11, 34). Mr. Kantz subsequently sought leave to file an amended answer and counter complaint. (Doc. 88). These motions (Docs. 11, 34, 88) are currently pending.

Early in this suit, FYI was granted leave to intervene. (Docs. 8, 15). FYI brought claims against Rubin Lublin and against the Federal Housing Financing Agency ("FHFA") on its own behalf and as conservator of Freddie Mac. (Docs. 16, 45). FYI later dismissed its claims against the FHFA and Freddie Mac. (Docs. 120, 122). Prior to dismissing its claims against the FHFA and Freddie Mac, FYI moved to ascertain the status of Freddie Mac's Article III standing and status as real party in interest. (Doc. 33). As FYI explained, a review of the one-page form filed in the General Sessions Court does not indicate whether Freddie Mac is the appropriate plaintiff as opposed to the FHFA. (Doc. 33). The parties briefed this motion (Docs. 52, 57, 60) as well as motions to strike briefs concerning this motion (Docs. 53, 54, 56, 68). The matter is ripe for resolution.

## II. MOTION TO ASCERTAIN FREDDIE MAC'S ARTICLE III STANDING AND STATUS AS REAL PARTY IN INTEREST

Regardless of whether parties raise the issue of standing, the court must nevertheless address this threshold issue. *City of Edmond v. Robinson*, 517 U.S. 1201, 1202 (1996) (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995)). The concept of standing is one of the justiciability doctrines used to determine if a litigant has established the "case and controversy" requirement of Article III, § 2 of the United States Constitution. *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (citation omitted). As the Supreme Court has recognized, Article III standing requires the following three elements:

> First, Plaintiff must have suffered an injury in fact—an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to

> be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff bears the burden of establishing standing. *Id.* (citations omitted). When presented with a motion to dismiss for lack of standing, the court accepts the factual allegations in the complaint as true and construes the complaint in favor of the plaintiff. *Id.* (citation omitted).[1]

Here, the Court is not presented with a motion to dismiss for lack of standing. Rather, FYI is seeking "to obtain a sound and sufficient fact-based pleading *from Freddie Mac* as to *Freddie Mac's* legitimacy as a plaintiff in these proceedings; i.e., its Article III standing to sue and its status as the real party in interest." (Doc. 60, p. 3) (emphasis in original). The relief requested by FYI is reasonable seeing as the one-page detainer warrant filed in the General Sessions Court (Doc. 1-1) does not contain sufficient factual allegations to establish Freddie Mac's Article III standing. To resolve this issue, the Magistrate Judge **RECOMMENDS** that FYI's motion to ascertain (Doc. 33) be **GRANTED** and that Freddie Mac be **DIRECTED** to file an amended complaint setting forth sufficient factual allegations to establish Article III standing and its status as real party in interest.

Should this recommendation be adopted, the Magistrate Judge would **RECOMMEND** that Freddie Mac be granted twenty-one (21) days to file an amended complaint. As Mr. Kantz is not currently represented by counsel, the Magistrate Judge would **RECOMMEND** that Mr. Kantz be granted thirty (30) days to answer Freddie Mac's amended complaint and to assert any counterclaims or third-party claims. The Magistrate Judge would also **RECOMMEND** that Mr. Kantz's motion to file an amended answer and counter complaint (Doc. 88) be **DENIED** as moot

---

[1] As the case progresses, the evidentiary threshold for establishing standing heightens. *Am. Civil Liberties Union of Ohio Found., Inc. v. DeWeese*, 633 F.3d 424, 430 n.2 (6th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561).

and that the motions to strike or dismiss Mr. Kantz's counterclaim and third-party claims (Docs. 11, 34) be **DENIED** as moot without prejudice.

### III. MOTIONS TO STRIKE

FYI moved to strike Rubin Lublin's response to FYI's motion to ascertain (Doc. 52) on the grounds on untimeliness. (Doc. 53). Rubin Lublin's response was filed seventeen days after FYI's motion to ascertain. Local Rule 7.01(b) provides that responses to motions must be filed within fourteen days of service of the motion. Rule 5(b)(2)(E) and Rule 6(d) of the Federal Rules of Civil Procedure add three additional days to the response deadline if the motion was sent by electronic means. As Rubin Lublin received FYI's motion to ascertain by electronic means, Rubin Lublin's response was timely. For this reason, FYI's motion to strike (Doc. 53) should be **DENIED**.

Without leave FYI filed an amended motion to strike Rubin Lublin's response (Doc. 52). (Doc. 56). As this motion raises objections that were available to FYI at the time it filed its original motion to strike, and as the amended motion could also be perceived to be an unauthorized reply, the amended motion to strike (Doc. 56) should be **DENIED**. *See* Fed. R. Civ. P. 12(g)(2); Local Rule 7.01(b).

### IV. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that FYI's motion to ascertain Freddie Mac's Article III standing and status as real party in interest (Doc. 33) be **GRANTED** and FYI's motions to strike (Docs. 53, 56) be **DENIED**.

Should the District Judge adopt this report and recommendation, the undersigned **RECOMMENDS** that Freddie Mac be **DIRECTED** to file an amended complaint within twenty-one (21) days of adoption of this report and recommendation, Mr. Kantz be **GRANTED**

thirty (30) days to file an amended answer and any counterclaims or third-party claims, Mr. Kantz's motion to file an amended answer and amended counter complaint (Doc. 88) be **DENIED** as moot, and the pending motions to strike or dismiss Mr. Kantz's counterclaim and third-party claims (Docs. 11, 34) be **DENIED** as moot without prejudice.

The parties have fourteen (14) days after being served with a copy of this report and recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this report and recommendation within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this report and recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013) (citations omitted).

**ENTERED** this 22nd day of July, 2016.

John S. Bryant
U.S. Magistrate Judge