UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) WILLIAM E. KANTZ, JR., ) ) Defendant/Counter-Plaintiff. ) ──────────────────────────── ) ) WILLIAM E. KANTZ, JR., ) ) Third-Party Plaintiff, ) ) v. ) ) RUBIN LUBLIN TN, PLLC and ) BANK OF AMERICA, N.A., ) ) Third-Party Defendants. ) ──────────────────────────── ) ) FLEX YIELD INVESTMENTS, LLC, ) ) Intervenor, ) ) v. ) ) RUBIN LUBLIN TN, PLLC, ) ) Intervenor-Defendant. ) ──────────────────────────── ) | Case No. 3:15-cv-00932 Judge Campbell Magistrate Judge Bryant |

To: The Honorable Todd J. Campbell, United States District Judge

**REPORT AND RECOMMENDATION**

Flex Yield Investments, LLC ("FYI") has filed a motion to sever. (Doc. 77). For the

1

following reasons, the Magistrate Judge **RECOMMENDS** that the motion to sever (Doc. 77) be **DENIED** as premature without prejudice.

## I. STATEMENT OF THE CASE

Despite the fact that the instant lawsuit is still in the beginning stages, the record contains over 130 docket entries. For purposes of FYI's motion to sever, the following procedural background is relevant. The actions that gave rise to this lawsuit were adjudicated in another proceeding in this Court, *Kantz v. Rubin Lublin, PLLC, et al.*, No. 3:14-cv-01113 (M.D. Tenn.) ("*Kantz I*"). At issue in *Kantz I* was the validity of foreclosure proceedings. *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531, at *1 (M.D. Tenn. Apr. 6, 2015). To rectify any potential error in the initial foreclosure proceedings, the District Judge in *Kantz I* gave Mr. Kantz the opportunity to repurchase the subject property and, should that fail, gave the sole defendant, Rubin Lublin TN, PLLC ("Rubin Lublin") another opportunity to conduct foreclosure proceedings. *Id.* When Mr. Kantz was unable to repurchase the property, Rubin Lublin conducted a second foreclosure sale. *Id.* at *1-2, 22. Explaining that the second foreclosure sale cured any alleged defects in the first foreclosure sale, the District Judge denied Mr. Kantz's claims as moot and dismissed the suit. *Id.* at *23-26. An appeal of *Kantz I* is currently pending before the Sixth Circuit Court of Appeals.

Following the District Judge's final order in *Kantz I*, Federal Home Loan Mortgage Corporation ("Freddie Mac") obtained a detainer warrant from the General Sessions Court of Davidson County, Tennessee. (Doc. 1-1). Mr. Kantz removed the suit, filed a counterclaim against Freddie Mac, and asserted third-party claims against Rublin Lublin and Bank of America, N.A. (Docs. 1, 9). FYI requested leave to intervene in order to protect its lien interest in the subject property. (Doc. 8). As no party objected to FYI's request, the District Judge

granted FYI leave to intervene. (Doc. 15). FYI filed a complaint in intervention and an amended complaint in intervention. (Docs. 16, 45). In January 2016, FYI filed a motion to sever. (Doc. 77). Recently, FYI was granted leave to file a second amended complaint in intervention. (Doc. 135). The amended complaint has not yet been filed. Currently at issue is FYI's motion to sever. (Doc. 77).

## II. MOTION TO SEVER

Pursuant to Rules 21 and 42(b) of the Federal Rules of Civil Procedure, FYI requests that the Court order a separate trial to address the following issue:

> Whether Rubin Lublin TN, PLLC ("Rubin Lublin") conducted and cried the February 20, 2014, foreclosure sale as represented by Rubin Lublin in its recorded March 6, 2014, substitute trustee's deed.

(Doc. 77, p. 2) (emphasis and footnotes removed). Freddie Mac and Rubin Lublin oppose FYI's request. (Docs. 82, 83). Freddie Mac contends that Rule 21 does not apply to FYI and that FYI has not justified the need for a separate trial under Rule 42(b). (Doc. 82). Rubin Lublin argues that FYI's motion is premature. (Doc. 83).

"Under the [Federal Rules of Civil Procedure], the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). When needed, the court may "sever any claim against a party." Fed. R. Civ. P. 21. The severed claim proceeds in an independent lawsuit. *Kitchen v. Heyns*, 802 F.3d 873, 874 (6th Cir. 2015) (citations omitted). The court is granted discretion to determine whether severance is appropriate. *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988); *Johnson v. Advanced Bionics, LLC*, No. 2:08-CV-02376-JPM, 2011 WL 1323883, at *6 (W.D. Tenn. Apr. 4, 2011).

In addition, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims,

3

counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision to order a separate trial is within the district court's discretion. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

Freddie Mac argues that FYI is not a party in these proceedings and, as a result, Rule 21 is not available to FYI. (Doc. 82, p. 3). This Magistrate Judge disagrees. It is well-established that intervening parties are granted the same rights and privileges as the original parties. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (quoting *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978)). Regardless, this Magistrate Judge agrees with Rubin Lublin that FYI's motion to sever is premature. *See Sojo Prods. Inc. v. Does 1-67*, No. 3:12-CV-599, 2013 WL 1759561, at *3 (E.D. Tenn. Apr. 24, 2013) (citing *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011)) ("The Court does not have information sufficient to gauge the appropriateness of the joinder of the Defendants at this time, and severing these claims at this early stage of litigation is likely to cause delays and hinder disposition of these matters."). FYI filed its motion to sever prior to receiving leave to amend its complaint in intervention. As FYI's second amended complaint in intervention has not yet been filed, the undersigned is unable to determine whether severance is needed or if a separate trial is desirable. For this reason, the Magistrate Judge **RECOMMENDS** that FYI's motion to sever (Doc. 77) be **DENIED** as premature without prejudice.

### III.     RECOMMENDATION

As explained herein, the Magistrate Judge **RECOMMENDS** that FYI's motion to sever (Doc. 77) be **DENIED** as premature without prejudice.

The parties have fourteen (14) days after being served with a copy of this report and recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this report and recommendation within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this report and recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013) (citations omitted).

**ENTERED** this 25th day of July, 2016.

s/ John S. Bryant
John S. Bryant
U.S. Magistrate Judge
