| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Plaintiff, | Case No. 3:15-cv-00932 |
| v. | Judge Campbell |
| WILLIAM KANTZ, | Magistrate Judge Newbern |
| Defendants. | |
| WILLIAM KANTZ, | |
| Third-Party Plaintiff, | |
| v. | |
| BANK OF AMERICA, N.A., RUBIN LUBLIN TN, PLLC, | |
| Third-Party Defendants | |
| FLEX YIELD INVESTMENTS, LLC, | |
| Intervenor, | |
| v. | |
| FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Intervenor-Defendant and Real Party in Interest, | |
| and | |
| RUBIN LUBLIN TN, PLLC, | |
| Intervenor-Defendant. | |

1

# **ORDER**

The parties[1] appeared before the Court for a Case Management Conference on November 8, 2016. This Case Management Conference was noticed following the District Court's October 19, 2016 Order referring the matter for customized case management, decision on all pretrial non-dispositive motions, and reports and recommendations on all dispositive motions, and vacating the Court's prior Order (Doc. No. 158) adopting Magistrate Judge Bryant's Report and Recommendation (Doc. No. 137). (Doc. No. 199.) Based on the parties' filings and their in-court representations, the Court ORDERS as follows.

In his Report and Recommendation, Magistrate Judge Bryant considered Intervenor Flex Yield Investments, LLC's (FYI) motion to ascertain Federal Home Loan Mortgage Corporation's (Freddie Mac) Article III standing and status as a real party in interest (Doc. No. 33); FYI's motion to strike and amended motion to strike Rubin Lublin's response to that motion as untimely (Doc. No. 56). Magistrate Judge Bryant recommended that FYI's motion to ascertain Freddie Mac's status be granted and that the motions to strike be denied. (Doc. No. 137.) Magistrate Judge Bryant further recommended that, if the District Court adopted the Report and Recommendation, Freddie Mac be directed to file an amended complaint, Kantz be permitted to file an amended answer, and Kantz's motion to file an amended answer (Doc. No. 88) and pending motions to strike Kantz's counterclaim and third-party claims (Docs. No. 11, 34) be denied as moot without prejudice. The District Court now refers decision on these motions "back to the Magistrate Judge for further consideration in light of intervening events and filings." (Doc. No. 199.)

---

[1] No counsel appeared on behalf of Intervenor Flex Yield Investments (FYI), LLC, which is currently unrepresented in this litigation. Attorney Scott Johannessen participated in the Case Management Conference under his authority to represent FYI for purposes of settlement only.

The District Court found that FYI had dismissed all of its claims against Freddie Mac in its Second Amended Complaint in Intervention (Doc. No. 145) and therefore denied its motion to ascertain status as moot. This finding is still appropriate and the Court again **DENIES AS MOOT** FIY's Motion to Ascertain Status. (Doc. No. 33.) The reasons stated in Magistrate Judge Bryant's Report and Recommendation for denying FYI's motion to strike (Doc. No. 53) and amended motion to strike (Doc. No. 56) have not been altered by intervening events or filings. Accordingly, both motions are again **DENIED**.

The parties agree that the majority of claims in this action will be affected by the disposition on appeal of *Kantz v. Rubin Lublin, et al. (Kantz I)*, Case No. 3:14-cv-01113; Sixth Circuit Case No. 15-5490. Indeed, as Magistrate Judge Bryant previously found, "Mr. Kantz's counterclaim and third-party claims are nearly identical to claims considered and rejected by the District Judge in *Kantz I*[.]" (Doc. No. 142.) Many of the claims at issue in the present case may be altered depending upon the preclusive effect, if any, of the Sixth Circuit's future decision. Because "[d]iscovery is not needed to address the preclusive effects of *Kantz I* on this suit, and the burden of instituting discovery as to these claims overwhelmingly outweighs any benefit that could be derived from discovery at this point." (*Id*.) On this basis, Magistrate Judge Bryant stayed discovery and pretrial deadlines related to Kantz's counterclaim and third-party claims. (*Id*.)

The parties agree—as does the Court—that it is in the best interest of the litigation that discovery not proceed while the Sixth Circuit considers *Kantz I*. Accordingly, all discovery and pretrial deadlines are **STAYED** pending decision from the Sixth Circuit. The parties are **ORDERED** to file a joint status report 30 days from the date of this Order and every 30 days thereafter to update the Court on the progress of the litigation at the Sixth Circuit and any other

relevant events until the Sixth Circuit issues an opinion in *Katz I*. The Court will schedule a case management conference promptly after the Sixth Circuit renders its decision to set all necessary future case deadlines.

The exception to *Kantz I*'s relevance is with regard to Intervenor Flex Yield Investments' claims against Rubin Lublin. As Magistrate Judge Bryant noted, FYI was not a party to *Kantz I*. (Doc. No. 142.) For this reason, Magistrate Judge Bryant did not stay discovery on these claims and ordered that full discovery proceed. (*Id.*) Progress was thwarted, however, by the withdrawal of FYI's counsel shortly after Magistrate Judge Bryant's Order. (Doc. No. 166.) FYI is not currently represented in this litigation and, as a corporation, cannot appear pro se. FYI's status in the litigation moving forward is addressed by a separate Order to Show Cause.

The District Court previously adopted Magistrate Judge Bryant's recommendation that Freddie Mac be directed to file an amended complaint and Kantz be granted leave to file an amended answer and counterclaims or third-party claims. (Doc. No. 158.) This Order has now been vacated. The parties may file a renewed motion to file amended pleadings if appropriate in light of the Court of Appeals' ruling in *Katz I*.

Rubin Lublin's Motion for Extension of Time to Respond to William E. Kantz, Jr.'s Amended Third-Party Complaint (Doc. No. 173) is **DENIED AS MOOT**.

Federal Home Loan Mortgage Corporation's Motion to Stay Response Deadline to Amended Counterclaim (Doc. No. 175) is **DENIED AS MOOT**.

Bank of America's Motion for Extension of Time to Respond to Amended Third-Party Complaint (Doc. No. 176) is **DENIED AS MOOT**.

Rubin Lublin's Motion for Protective Order and For Contempt Against William E. Kantz, Jr. (Doc. No. 184) is **DENIED**. The Court finds an additional protective order unnecessary in

light of its stay. Although Kantz's notice of depositions was in violation of the Court's previous stay order, Kantz noticed those depositions pro se and has apologized for not understanding the "verbiage in the memorandum and order that was in place." (Doc. No. 187.) However, despite Kantz's stated intent to withdraw the improper deposition notices, it does not appear that he has done so. Accordingly, Kantz is **ORDERED** to file a withdrawal of the depositions noticed at Docket Entries 177, 178, 179, and 181. Kantz may re-notice these depositions after such time as the discovery stay is lifted. Rubin Lublin may renew its motion for contempt if necessary to address future violations should they arise.

Kantz's Motion to Lift Stay (Doc. No. 187) is **DENIED**.

Kantz's Motion to Lift Stay and Conduct Limited Discovery of H. Buckley Cole and to Set a Hearing to Ask for the Withdrawal and Disqualification of H. Buckley Cole from Representing Third Party Defendants and Intervenor-Defendants as He Has Become a Witness in This Case and Has Conflicts of Interest (Doc. No. 189) is **DENIED**. Kantz's concern appears to be communications between Mr. Cole, who represents Rubin Lublin, and FYI's former counsel Scott Johannessen. The Court finds no evidence in Kantz's motion or its supporting documents that any communications between Cole and Johannessen were improper and no evidence that Cole has compromised his representation of Rubin Lublin (or the progress of this litigation) in any way.

Kantz's Motion to Strike "Objections to William E. Kantz Jr., Discovery Filed by Scott D. Johannessen" (Doc. No. 190) is **DENIED AS MOOT**. The objections Kantz seeks to strike are to the deposition notices Kantz filed in violation of the Court's previous stay order. (Doc. No. 186.) Both the objections and Kantz's motion are addressed by Kantz's withdrawal of the deposition notices as ordered above.

5

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

It is so **ORDERED**.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge