UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,**     Plaintiff, | § <br> § Case No. 3:15-cv-00932 <br> § |
| v. | § <br> §   Judge Campbell <br> § |
| **WILLIAM E. KANTZ, JR.,** <br> Defendant, | § <br> § <br> § |
| **WILLIAM E. KANTZ, JR.,**     Third-Party Plaintiff, | § <br> § <br> § |
| v. <br> **BANK OF AMERICA, N.A.,** <br> **RUBIN LUBLIN TN, PLLC,**     Third-Party Defendants, | § <br> § <br> § <br> § <br> § |
| v. <br> **FEDERAL HOUSING FINANCING AGENCY, on its own behalf and as conservator of FEDERAL HOME LOAN MORTGAGE CORPORATION,**     Intervenor-Defendant and     Real Party in Interest, <br> and <br> **RUBIN LUBLIN TN, PLLC.** <br> Intervenor-Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## WRITTEN OBJECTION TO THE TO MAGISTRATE'S ORDER
## DATED MARCH 28, 2018 (Doc. 239)

Comes now William E. Kantz, Jr., by and through counsel, and hereby objects to the Magistrate's Order entered on March 28, 2018. (Doc. 23**9**) pursuant to Rule 72.02(b) of the Local

1

Rules of the Court.  Counsel profusely apologizes for his inadvertent and unintentional mistake in not realizing that both Magistrate reports (Doc 23**8** and 23**9**) were entered simultaneously.  For the reasons stated below, Counsel was patiently waiting for the *second* order to be filed in case these issues needed to be raised.  Counsel did not discover the second order has been previously entered until April 18, 2018, and promptly filed a motion for extension of time to object to the same.  To further assure the Court Kantz's objections have merit, Counsel filed the objection as quickly as possible.

### A. The Magistrate's first Order (Doc 23**8**)

On August 28, 2015, Mr. Kantz removed the state court Davidson County General Sessions Detainer Warrant case to federal court.  Less than a month later on September 24, 2015, Mr. Kantz filed his original Answer and Counter-Claim.  In his counter-claim, Mr. Kantz raised many of the same issues which he had attempted to assert in the prior federal case based on the faked February 20, 2014 foreclosure sale and the later August 26, 2014 sale.

Upon review of Defendant Rubin Lublin's Motion to Strike (Doc 11), Freddie Mac, and Bank of America's Motion to Dismiss (Doc. 34), Counsel believed the Court might determine these issues were *res judicata* based on Mr. Kantz's motion for leave to file an amended complaint.  Upon receipt and review of the Magistrate's first Order (Doc 23**8**), Counsel advised Mr. Kantz he should not object to the same.  The Magistrate's first Order stated in footnote #1 "Kantz's pending motion to amend this answer and third-party complaint (Doc No 88) will be addressed by a separate order."  Counsel advised Mr. Kantz he should rely upon his claims asserted in his motion for leave with its Amended Answer and Amended Counter-Complaint filed on January 29, 2016. (Doc 88).

Mr. Kantz and Counsel strongly assert that the <u>new</u> issues raised in this pleading are sufficiently plead and warrant adjudication by this Court.

**B. The Magistrate's second Order (Doc 23<u>9</u>)**

On January 29, 2016, Mr. Kantz filed a Motion for Leave with attached Amended Answer and Amended Counter-Complaint. (Doc 88). This motion came less than four (4) months after his original Answer and Counter-Complaint was filed, and less than a month after the first Case Management Conference was held. Mr. Kantz did not dawdle, but acted promptly when new information was obtained. Part of that new information came from the Motion to Intervene and accompanying pleadings filed by Flex Yield Investments, LLC. As the Court is aware, there was substantial litigation back and forth between Flex Yield and the Third-Party Defendants in the October 2015 to January 2016 period. Uncovered in that fight was the fact Freddie Mac was presently in a conservatorship and the issued was raised whether it ever had the authority to take the original legal action. Mr. Kantz waited until these issues were sorted out to file his Amended Answer on January 29, 2016. (Doc 88).

Mr. Kantz's motion to amend was granted on August 26, 2016. (Doc. 158). However, on October 19, 2016, the Court granted various motions to reconsider and the August 26, 2016 Order was vacated. (Doc. 199). After a Case Management Conference on November 8, 2016, the case was stayed pending a decision by the Sixth Circuit in the prior related case. (Doc. 212).

The Amended Answer and Amended Counter-Claim set out new and different causes of actions which should be allowed to proceed:

1.    **Possession.** The issue of the right to possession of the property was not raised at any time in the prior litigation. (See *Kantz v Freddie Mac*, Case No. 14-cv-01113). At issue was whether the February 20, 2014 and/or August 26, 2014 foreclosure sales were validly conducted.

It is undisputed the February 20, 2014 foreclosure sale was faked, and the only real issue on appeal was whether the August 26, 2014 sale "cured" the prior sale's deficiencies. Despite repeated false claims otherwise, Mr. Kantz does not attempt to re-argue the Sixth Circuit's holding in this case. However, the Sixth Circuit did <u>not</u> make a finding as to whether the announced foreclosure sale buyer <u>actually purchased the property</u> – only that the later sale "cured" the first allegedly deficient sale.

In Mr. Kantz's pleadings/complaints filed in the prior case he <u>never</u> raised the issue of whether either foreclosure sale was ever consummated. (See docs. 7, 23 & 61, Case No. 14-cv-1113). There were no allegations in his complaints, nor were any raised by the Defendants in their response (*Id.*). The issue of whether the sale was actually consummated simply was not an issue in the case nor was this issue addressed in the Sixth Circuit's holding. There is no order anywhere granting possession of the property to any entity.

Mr. Kantz specifically raises this issue in his Amended Answer and Counter Complaint. (Doc. 88) starting on Page 2. (Doc 88, Page ID # 1496). Mr. Kantz points out that August 14, 2015, Freddie Mac <u>first</u> raised the issue of possession when it filed a Detainer Warrant in Davidson County, Tennessee. (Doc 88, Page ID # 1513 -1514).

In Count I, Mr. Kantz specifically requests for a declaration "Freddie Mac is not entitled to possession of his property as requested in the General Sessions Detainer Warrant." (Doc 88, Page ID # 1515, ¶ 95).

In Count VII, Mr. Kantz specifically asserts "after June 27, 201[4], no Defendant ever transferred the property, Note or Deed of Trust." (Doc 88, Page ID # 1530, ¶ 174). And in Count VIII, Mr. Kantz asserts there has been a conspiracy between all defendants to cover up all the illegal and improper actions related to the property. (Doc 88, Page ID # 1534 -1536).

4

Taken together, Mr. Kantz has asserted a new issue which is <u>who</u> is entitled to possession of the property due to a failure of any buyer to actually consummate the sale. Mr. Kantz does not dispute the Sixth Circuits finding the sale took place, but he prays in his prayer for relief that "Freddie Mac's claim for possession and its Detainer Warrant for the same be denied and dismissed." (Doc 88, Page ID # 1536).

2. **Ownership of Property:** Bank of America has continuously asserted it sold the <u>Note</u> and not the property to Freddie Mac. (Doc 88, Page ID # 1514, ¶ 91). If Bank of America merely sold the Note to Freddie Mac then Freddie Mac merely became the "note holder" with no automatic right to possession. Importantly, both of the Substitute Trustee's Deeds recorded by Bank of America after each sale indicate BOA was the Note holder at the time of sale. (Doc 88-4, Page ID 1561 and Doc 88-9). To the extent the Court of Appeals addressed this issue at all, it agreed with Mr. Kantz's assertion the note holder, Bank or America, purchased the property and <u>not</u> Freddie Mac. The Court of Appeals stated *in dicta* that "Bank of America entered the sole and prevailing bid, $398,126.15." (Orders, case no 15-5490, Doc 59-1, page 2). The Court of Appeals did not ever hold Freddie Mac *purchased* the property and therefore it should not be automatically assumed it is entitled to possession.

3. **Standing:** Freddie Mac does not have standing or authority to prosecute the Davidson County General Sessions Detainer Warrant. As set out in the Amended Answer, Freddie Mac has been in conservatorship since 2008 under the Federal Housing Finance Agency. (Doc 88, Page ID 1501). Mr. Kantz has asserted that Freddie Mac has no right to file suit against him, and only the real party in interest – the Federal Housing Finance Agency – has authority to do so. (Doc 88, Page ID 1498-1499).

In Count I, Mr. Kantz specifically requests for a declaration "Freddie Mac has no standing or authority to prosecute the Davidson County General Sessions Detainer Warrant against him." (Doc 88, Page ID # 1515, ¶ 97). The issue of standing has been raised by other parties, such as Flex Yield Investments, without a sufficient answer. (See Docs. 33, 44, 52, 54, 68, 137 and 158). To date, there has never been a determination of whether Freddie Mac has any standing to prosecute a case against Mr. Kantz. As the Court is aware, standing is a prerequisite to maintaining a lawsuit. If Freddie Mac cannot prove it has standing to proceed with the Detainer Warrant, then it is not entitled to possession of the property.

### C. Conclusion

This is a serious matter. Due to unforeseen financial circumstances, Mr. Kantz found himself in fiscal trouble in 2013. However, it is undisputed he appeared at the February 20, 2014 foreclosure sale ready and prepared to purchase his property and make the lender whole. It was Bank of America, with its dishonest Substitute Trustee Rubin Lublin, that conspired to fake the February 2014 foreclosure sale, and afterwards cover up the same by knowingly recording a materially false Substitute Trustee's Deed. Only when caught red-handed did Bank of America suddenly take an interest in actually conducting the foreclosure sale and complying with the law and Note provisions. Unfortunately, by August 2014, Mr. Kantz was no longer in a financial position to purchase his home at the second foreclosure sale. This was Bank of America's fault and not Mr. Kantz's. While the Sixth Circuit upheld the second foreclosure sale as valid, it does not change the fact the first sale was intentionally faked and covered up by these defendants.

Post-appeal, Mr. Kantz discovered Freddie Mac never paid for the property after either sale. If no price was paid, the sale was never consummated under Tennessee law. The facts clearly

6

Case 3:15-cv-00932   Document 242   Filed 04/24/18   Page 6 of 8 PageID #: 3021

show the note holder Bank of America placed a bid, but no one ever paid. Mr. Kantz asserts the failure to pay is a failure of consideration and means the property was not transferred to the buyer or anyone else.

Ironically, it would seem to be easy for Freddie Mac to provide proof of the purchase if it had in fact purchased the property as it claims. Bank of America now claims it sold the <u>Note</u> to Freddie Mac as some undefined time. If this is true, then it would also seem easy for Bank of America to produce an assignment of the Note to Freddie Mac. Neither has happened. Mr. Kantz asserts neither Freddie Mac nor anyone else ever paid for his property. In properly conducted foreclosure sales, upon the failure of the winning bidder to pay the bid price, the winning bid would shift to the second highest bidder. However, there was no other bidder on August 26, 2014, and therefore the sale never occurred because no consideration was paid.

Mr. Kantz's is not a trouble-maker. All he has ever done is try to demand his rights be protected. His lender had a contractual duty under the Note and Deed of Trust to sell the property and only the property upon default. It apparently tried to do this but the alleged buyer, Freddie Mac, defaulted when it failed to pay. Mr. Kantz prays he be allowed to advance his case as plead.

WHEREFORE, Mr. Kantz requests this Court not accept the Magistrate's second Order. (Doc. No 23**9**) or for whatever relief is equitable and just.


Respectfully submitted:

___/s/_____ James D. R. Roberts, Jr._____
Creditor Law Center, Attorneys at Law
(*Fmr.* Roberts & Associates)
James D. R. Roberts, Jr., #017537
1700 Hayes Street, Suite 201
P. O. Box 331606
Nashville, Tennessee 37203

7
Case 3:15-cv-00932   Document 242   Filed 04/24/18   Page 7 of 8 PageID #: 3022

(615) 242-2002 office / (615) 242-2042 facsimile
Attorneys for William E. Kantz, Jr.
Jim.Roberts@CreditorLawCenter.com

**Certificate of Service**

I certify a copy of this Notice was served on April 24, 2018 on the following via the Court's ECF to:

H. Buckley Cole
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219

Randall S. Bueter
Wilson & Associates, PLLC
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211

Heather Howell Wright
Bradley Arant Boult Cummings LLP (Nashville Office)
1600 Division Street
Suite 700
Nashville, TN 37203-0025

Gerald D. Morgan
Wilson & Associates, PLLC
8 Cadillac Drive
Suite 120
Brentwood, Tennessee 37027

Rick Humbracht
Bradley Arant Boult Cummings, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

Jessalyn H. Zeigler
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201


___/s/_____ James D. R. Roberts, Jr._____

8
Case 3:15-cv-00932   Document 242   Filed 04/24/18   Page 8 of 8 PageID #: 3023